Juan Antonio CARRANZA, Appellant,

v.

The STATE of Texas.

No. 0931–95

Court of Criminal Appeals of Texas,
En Banc.

Nov. 25, 1998.

John H. Hagler, Dallas, for appellant.

Elizabeth A. Friday, Asst. Dist. Atty., Dallas, Matthew Paul, State's Atty., Austin, for the state.

## OPINION

PRICE, J., delivered the opinion of the Court, in which McCORMICK, P.J., and OVERSTREET, MEYERS, HOLLAND and WOMACK, JJ., joined.

Following a plea of guilty to the offense of involuntary manslaughter under former section 19.05 of the Texas Penal Code, a jury assessed Appellant's punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $10,000.00 fine. A deadly

weapon finding was included in the judgment. Appellant filed a notice of appeal. The Dallas Court of Appeals reversed and remanded the case finding that the trial court wholly failed to admonish Appellant of the consequences of a guilty plea on his citizenship status. *Carranza v. State*, No. 05–94–00129–CR, 1995 WL 379512 (Tex. App.—Dallas May 30, 1995, pet. granted) (not designated for publication), 1995 WL 379512. We granted the State's petition for discretionary review to determine if the Court of Appeals erred in holding that the trial court's failure to admonish Appellant in accordance with art. 26.13(a)(4) of the Code of Criminal Procedure was reversible error. We will affirm.

### Relevant Facts

Appellant testified that he was born in Monterey, Mexico and came to the United States in 1990. He also testified that he had a "green card" but that it had expired. The record reflects that Appellant was not a citizen of the United States at the time of his plea. The State acknowledges that, in the instant case, although the trial judge did admonish Appellant as to the applicable range of punishment, he did not admonish Appellant either orally or in writing that he could be deported if he pled guilty.

### The Court of Appeals' Decision

Relying on our opinions in *Morales v. State*, 872 S.W.2d 753 (Tex.Crim.App.1994), and *Ex parte Cervantes*, 762 S.W.2d 577 (Tex.Crim.App.1988), the Dallas Court of Appeals reasoned that since the trial court wholly failed to give Appellant the statutorily required admonishment on citizenship, it had

not substantially complied with art. 26.13. *Carranza*, slip op. at 5, 1995 WL 379512, at *2. It held that the complete failure to admonish required reversal without a harm analysis. *Id.* at 3, 1995 WL 379512, at *1.

### Arguments of the Parties

The State argues that by admonishing Appellant on the range of punishment for the offense, the trial court substantially complied with art. 26.13.[1] It urges that once it shows substantial compliance, the burden then shifts to Appellant to show harm from the failure to admonish him on the possibility of deportation. The State insists that Appellant has not met that burden, because he has not shown that he was harmed or misled in any way by the Court's admonishments or lack thereof, or that he was not aware of the consequences of his plea. Furthermore, the State urges that since Appellant was in the United States illegally at the time of trial and therefore already subject to the possibility of deportation, he could not possibly have been harmed by the trial court's failure to admonish him.

In support of its position, the State contends that this case is analogous to those cases in which courts have held that a failure to admonish a defendant regarding deportation is not reversible error when the record shows that the defendant is a United States citizen. *See Cain v. State*, 947 S.W.2d 262, 264–264 (Tex.Crim.App.1997); *Matchett v. State*, 941 S.W.2d 922, 927 (Tex.Crim.App. 1996), *cert. denied*, —— U.S.——, 117 S.Ct. 2487, 138 L.Ed.2d 994 (1997);[2] *Dixon v. State*, 891 S.W.2d 783, 785 (Tex.App.—Austin 1995, no pet.). It argues that because Appellant was automatically subject to deportation

---

1. The relevant provisions of art. 26.13 are as follows:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense;

* * *

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

* * *

(b) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

2. The State argues that although *Matchett* and *Cain* were both decided in terms of former Rule 81(b)(2), any harm analysis conducted in this case should be done under the new Rules of Appellate procedure, which went into effect on September 1, 1997. *See* Tex.R.App P. 44.2.

under federal statutes as an illegal alien regardless of his conviction of this or any other crime, there could be no harm, actual or theoretical, to him.

Appellant counters that the literal text of art. 26.13(a)(4) and (c) require that his guilty plea be set aside because there was no substantial compliance with the statute. He likens the relevant facts of this case to those in *Morales*, where this court said: "The trial judge wholly failed to admonish Appellant as required under art. 26.13(a)(4). Therefore a prima facie case was not made and there is no requirement Appellant show harm." *Morales*, 872 S.W.2d at 755. *See also Cervantes*, 762 S.W.2d at 578. Appellant bolsters this argument with reliance on language in our recent opinions of *Matchett* and *Cain*. In *Matchett*, a plurality of this Court reiterated the *Morales* court's interpretation of the meaning of the term "substantially complied" as used in art. 26.13 and found that there cannot be substantial compliance when there is no compliance. *Matchett*, 941 S.W.2d at 927. We also found that the language used in art. 26.13(c) did not preclude the application of a Rule 81(b)(2) harm analysis to the error under review. *Id.* at 927–928. In regard to meaningful harm analysis, we said:

> Rather than foreclose the application of a harm analysis to whole categories of error on grounds that it is theoretically impossible to conduct a meaningful harm analysis, we believe it wiser to allow for a case by case determination of whether in fact a meaningful harm analysis is possible. The presumption that all errors are harmful along with the accompanying burden to rebut the presumption are sufficient to safeguard rights of a truly unreviewable nature. Where the effects of a particular error are not discernable with reasonable certainty, the presumption of harm will, in fact, be unrebutted.

*Id.* at 928–929 (footnote and citation omitted). We went on to explain in a footnote that if Appellant's status were unknown or if he were in fact deportable, it would be impossible to determine the effects of the trial court's error and presumption of harm would be almost irrebuttable. *Id.* at 929 n. 9.

We reasoned that because the defendant Matchett was a citizen of the United States, and therefore not subject to deportation, the deportation admonishment as applied to him was irrelevant. *Id.* at 929–930. Therefore we concluded that the failure to admonish him regarding art. 26.13(a)(4) was harmless beyond a reasonable doubt. *Id.* at 930. But, we also stated that where the record is silent regarding the citizenship of a defendant then the legislature's intent must be followed and that failure to fully admonish a defendant regarding possible immigration consequences constitutes reversible error. *Id.*

Appellant argues that his particular situation is precisely the type anticipated by the aforementioned language in *Matchett*. He further argues that our more recent opinion in *Cain* also anticipated precisely his type of situation when we said, "Of course, where the error involved defies analysis by harmless error standards or the data is insufficient to conduct a meaningful harmless error analysis, then the error will not be proven harmless beyond reasonable doubt under Rule 81(b)(2)." *Cain*, 947 S.W.2d at 264. Here, Appellant urges that because the evidence that he is an illegal alien is undisputed, the error involved "defies any meaningful harmless error analysis."

We recognize that Texas cases are somewhat confusing on the issue of a trial court's failure to give art. 26.13 admonishments. Recently, in *Cain* we formally rejected the "substantial compliance through immateriality doctrine" which was being used by some appellate courts to affirm convictions where the record established that the defendant was a U.S. citizen. *Id.* at 264. We explained that to claim that a court is in substantial compliance with 26.13, even though a particular admonishment was never given, would be a legal fiction. *Id.* But we also explained that the absence of substantial compliance does not end the inquiry. *Id.* We adopted the reasoning and holding of the plurality opinion in *Matchett* and concluded that a failure to admonish under art. 26.13(a)(4) was subject to a Rule 81(b)(2) harmless error analysis and that the error was harmless beyond a reasonable doubt if the record con-

tains evidence that the defendant is a U.S. citizen. *Id.*

■ Applying the aforementioned principles to the present case then, we find that the trial court did not substantially comply with art. 26.13(a)(4) when it failed to admonish Appellant either orally or in writing regarding the deportation consequences of his plea. We must next determine whether or not this error was of constitutional or non-constitutional magnitude, and from there, whether or not it was harmless. Rule of Appellate Procedure 44.2, which supercedes and replaces 81(b)(2), now governs how harm is assessed after error is found in criminal cases.

### Harm Analysis

■ A careful reading of Rule 44.2 and our relevant case law reveals several types of error that can occur in criminal cases: (1) constitutional error that is not subject to harmless error analysis (i.e., structural error);[3] (2) constitutional error that is harmful;[4] (3) constitutional error that is harmless;[5] (4) non-constitutional error that is harmful (i.e., affects a substantial right);[6] (5) non-constitutional error that is harmless (i.e., does not affect a substantial right).[7]

■ Therefore, when conducting a rule 44.2 harm analysis our first task is to determine whether the failure to substantially comply under 26.13 is an error of constitutional magnitude or an error which affects a substantial right. In *McCarthy v. United States*, 394 U.S. 459, 465–466, 89 S.Ct. 1166, 1170–1171, 22 L.Ed.2d 418 (1969), the Supreme Court considered the purpose of plea admonishments:

First, although the procedure embodied in [admonishment] has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that the guilty plea was truly voluntary. Second, the rule is intended to produce a complete record at the time the plea is entered of the factors relevant to the voluntariness determination. Thus the more meticulously the rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post conviction attacks on the constitutional validity of guilty pleas ... A defendant who enters a guilty plea simultaneously waives several constitutional rights, including his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Consequently, if a defendant's guilty plea is not equally knowing and voluntary, it has been obtained in violation of the due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts. (footnotes omitted)

Likewise, this Court has stated on numerous occasions that "the purpose and function of Article 26.13 are to ensure that only a constitutionally valid plea is entered and accepted by the trial court." *Ex parte Morrow,* 952 S.W.2d 530, 534 (Tex.Crim.App.1997) (*citing Meyers v. State,* 623 S.W.2d 397 (Tex.Crim. App.1981)); *see also Ex parte Evans,* 690 S.W.2d 274, 276 (Tex.Crim.App.1985); *Ex parte Williams,* 637 S.W.2d 943, 954–955 (Tex.Crim.App.1982); *Ricondo v. State,* 634 S.W.2d 837, 845 (Tex.Crim.App.1981). So, although the admonishment itself is not constitutionally required, it aids the trial court in making the determination that the relinquishment of rights, constitutional or otherwise, by the defendant is both knowing and voluntary. Accordingly, we conclude that the failure of the trial court to admonish Appellant regarding his deportation status was non-constitutional error.

---

3. *See Cain,* 947 S.W.2d at 264.

4. Tex.R.App. P. 44.2(a).

5. Tex.R.App. P. 44.2(a).

6. Tex.R.App. P. 44.2(b).

7. Tex.R.App. P. 44.2(b).

■ Having determined that the error in the present case was of non-constitutional dimension, we are now faced with the task of determining the proper standard of review to apply, to determine whether there was harm (i.e., whether or not a substantial right was affected). Subsection (a) mandates that when a constitutional error has occurred, the court must reverse a judgment of conviction or punishment unless it determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. Subsection (b) mandates that any error, defect, irregularity, or variance that *does not affect substantial rights* must be disregarded. However, it gives no standard of review to determine whether a substantial right has been affected.

Rule 44.2(b) is modeled after the federal harmless error rule 52(a). In fact, the notes and comments to Rule 44.2 state: "Paragraph 44.2(b) is new and is taken from Federal Rule of Criminal Procedure 52(a) without substantive change." Therefore, it would seem that we only need look to the federal court's application of 52(a) for guidance regarding the proper standard of review to apply in our 44.2(b) situations. However, in *McCarthy v. United States,* which concerned a violation of the federal statutory admonishment requirement of Rule 11, the Supreme Court did not apply the harmless error provision of Rule 52(a) in assessing the harm of the violation. *McCarthy,* 394 U.S. at 468–472, 89 S.Ct. at 1172–1174. Because some courts interpreted *McCarthy* to mean that provision could not be utilized with respect to Rule 11 proceedings, Congress added subdivision (h), a separate harmless error rule that specifically applies to statutory admonishment error, to Rule 11. FED.R.CRIM.P. 11 advisory committee's notes (1983 Amendment). Federal Rule 11(h) reads almost identically to Rule 52(a)[8] and makes clear that the harmless error provision of Rule 52(a) is applicable to Rule 11. FED.R.CRIM.P. 11 advisory committee's notes (1983 Amendment).

Based on this history as well as the aforementioned similarities between the Texas and federal harmless error rules, the State argues that we should adopt a combination of the Fifth Circuit's and the District of Columbia Circuit's standards of review for analyzing harm regarding failure to give admonishments. The Fifth Circuit has taken the position that Rule 11 error is harmless unless "the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *United States v. Johnson,* 1 F.3d 296, 302 (5th Cir.1993). The D.C. Circuit's standard of review when performing a rule 11 harm analysis is to determine "if the record reveals that either the defendant had actual notice of the information that the district judge failed to convey or that the information would not have been important to the defendant [in making his decision to plead guilty]." *United States v. Dewalt,* 92 F.3d 1209, 1214 (D.C.Cir.1996). The State asserts that the D.C. Circuit's approach is only a "slight" variation on the Fifth Circuit approach and that when evaluating whether failure to admonish in accordance with Article 26.13(a)(4) has caused harm under Rule 44.2(b), we should review the entire record to determine whether "the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty."

Article 26.13(c) provides that in admonishing the defendant as herein provided, substantial compliance by the court is sufficient, *unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.* Given the fact that even substantial compliance can sometimes result in a reversal if the defendant can affirmatively show that he was harmed or misled, it would be illogical to place a greater burden of proof upon a defendant when there has been *no* substantial

---

8. *Federal Rule of Criminal Procedure 52(a) provides:*

   **Harmless Error.** Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

*Federal Rule of Criminal Procedure 11(h) provides:*

   **Harmless Error.** Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.

compliance. As we stated in *Cain*, a failure to admonish under 26.13(a)(4) is subject to a harm analysis found in the Rules of Appellate Procedure. *Id.* But, due to the implicit limitation, by Art. 26.13(c), of the standard of proof that can be imposed upon a defendant when there has been no substantial compliance, we need not determine, in this instance, the exact standard of review to be applied under Rule 44.2(b). Instead, we understand Rule 44.2(b) to require that when there has been no substantial compliance with the admonishment requirements of Art. 26.13, a defendant is required to show *no more* than that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. To require more would effectively allow the Rules of Appellate Procedure, which are promulgated by this Court, to "trump" or override the Code of Criminal Procedure, which is passed by our Legislature. This would be in contravention of Art. 44.33(a) (Court of Criminal Appeals shall make rules of post-trial and appellate procedure as to the hearing of criminal actions not inconsistent with the Code of Criminal Procedure), as well as the doctrines of "separation of powers" and "hierarchy of legislation." *See* TEX. CONST. art. II, § 1; 2 SUTHERLAND STAT. CONST. § 36.06 (5th ed.1993) (in case of conflict between rules of court and state statutes, statutes prevail); *accord, Rent v. State*, —— S.W.2d ——, No. 1231–97, 1998 WL 617071 (Tex. Crim.App. Sept. 16, 1998) (TEX.R.APP. P. 21.3(h) and 43.2(c) construed so as not to conflict with TEX.CODE CRIM. PROC. art. 44.29).

In the present case, the State argues that any error was harmless or must be disregarded because "Appellant was already subject to deportation due to his illegal immigrant status...." Appellant responds that

"significant differences exist between an alien who does not possess valid immigration documents and an alien who has been convicted of a criminal offense...." We agree. According to the provisions of 8 U.S.C. § 1227, an alien in the United States is subject to deportation if he or she has been convicted of an "aggravated felony" at any time after entry. 8 U.S.C. § 1227(a)(2)(A)(iii). The phrase "aggravated felony" means, in part, a "crime of violence." 8 U.S.C. § 1101(a)(43)(F). A "crime of violence" is defined by 18 U.S.C. § 16 as an offense involving the use of physical force against a person or an offense that involves a substantial risk of physical force against a person. Thus, the offense of involuntary manslaughter would likely fall within the "crime of violence" definition. Although an alien with an expired permit may fall within the categories of an excludable alien under 8 U.S.C. § 1182(a)(7) or a deportable alien under 8 U.S.C. § 1227(a)(1), certain waiver provisions apply to non-criminal deportees. *See* 8 U.S.C. § 1182(a)(7)(ii). Moreover, the passage of the Anti-terrorism and Effective Death Penalty Act (AEDPA) of 1996 resulted in substantial limitations upon the rights of criminal deportees when seeking judicial relief from orders of deportation.[9] In light of all of the above, Appellant, having been convicted of the offense of involuntary manslaughter, is clearly at a greater disadvantage if subject to deportation as a criminal deportee rather than one who has an expired permit.[10] Therefore, we hold that because Appellant has affirmatively shown that he was harmed by the failure of the trial court to admonish him regarding the deportation consequences of his plea in accordance with 26.13(a)(4), he has shown that this error affected a substantial right. The decision of the Court of Appeals is affirmed.

9. See *Nguyen v. INS*, 117 F.3d 206 (5th Cir. 1997); *Hernandez–Rodriguez v. Pasquarell*, 118 F.3d 1034 (5th Cir.1997); and *Okoro v. INS*, 125 F.3d 920 (5th Cir.1997).

10. Furthermore, 8 U.S.C. § 1326(a) makes it a crime for a deported alien to return to the United States without special permission and authorizes a maximum prison term of two years. Subsection (b)(2) of the same section authorizes a prison term of up to 20 years if the initial de-

portation was subsequent to a conviction for commission of an aggravated felony. Recently, the Supreme Court held that Subsection (b)(2) is a penalty provision, which simply authorizes an enhanced sentence, and since it does not create a separate crime, the government is not required to charge the fact of an earlier conviction in the indictment. *See Almendarez–Torres v. United States*, 523 U.S. ——, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

BAIRD, J., filed an opinion concurring in the judgment.

KELLER, J., concurred only in the judgment.

MANSFIELD, J., filed a dissenting opinion.

BAIRD, J., delivered the concurring opinion.

The majority correctly affirms the judgment of the Court of Appeals. However, it does so only after performing an erroneous harm analysis. Consequently, I cannot join the majority opinion.

The majority correctly finds the trial judge did not substantially comply with Tex.Code Crim. Proc. Ann. art.26.13(a)(4). *Ante*, at 656. Under the plain language of Tex.Code Crim. Proc. Ann. art. 26.13(c), where there is no substantial compliance, no harm analysis should be attempted. *Morales v. State*, 872 S.W.2d 753 (Tex.Cr.App.1994). This was the reasoning employed by the Court of Appeals. The majority, however, takes a different tact.

In *Matchett v. State*, 941 S.W.2d 922 (Tex.Cr.App.1996)(plurality opinion), and *Cain v. State*, 947 S.W.2d 262 (Tex.Cr.App. 1997), this Court erroneously held the error resulting from the failure to comply with art. 26.13(a)(4) was subject to a harm analysis.[1] Those opinions are erroneous because the statute provides its own species of harm analysis depending on whether there has been no compliance or substantial compliance with the statute. Consequently, Tex.R.App. P. 44.2 is not applicable to cases dealing with admonishment error. *Matchett*, 941 S.W.2d at 942 (Baird, J., concurring). As noted above, in no compliance cases, the error is reversible. However, if there is substantial compliance, the error is not reversible unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or *harmed* by the admonishment of the court.[2]

In an attempt to follow *Matchett* and *Cain*, the majority purports to apply a harm analysis under Rule 44.2(b). But the harm analysis actually employed is the analysis prescribed by art. 26.13(c) when there has been substantial compliance. *Ante* at 657–658. But since this is a no compliance case, the result of the majority decision is to eliminate the art. 26.13(c) distinction between compliance and non-compliance cases. Consequently, the majority has accomplished what it was attempting to avoid; by eliminating the statutory distinction, Rule 44.2(b) now trumps the art. 26.13(c). *Ante*, at 658.

For these reasons, I join only the judgment of the Court.

MANSFIELD, J., delivered the dissenting opinion.

In *Boykin v. State*, 818 S.W.2d 782 (Tex. Crim.App.1991), we held:

> Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute [citations omitted]. . . . There is, of course, a legitimate exception to this plain meaning rule: where application of a statute's plain language would lead to absurd consequences that the Legislature could not *possibly* have intended, we should not apply the language literally. [Emphasis added.]

*Boykin, supra,* at 785.

Texas Code of Criminal Procedure Article 26.13(a)(4) provides:

(a) Prior to accepting a plea of guilty or a plea of *nolo contendere*, the court shall admonish the defendant of:

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or *nolo contendere* for the offense charged may result in deportation, the exclusion from admission to this country, or the de-

---

**1.** As I have previously stated, *Matchett* and *Cain* were wrongly decided because the true issue in each case was one of statutory construction, not the propriety of a harm analysis. *Matchett*, 941 S.W.2d at 941 (Baird, J., concurring); *and, Cain,*

947 S.W.2d at 265 (BAIRD and Price, J.J., concurring).

**2.** All emphasis is supplied unless otherwise indicated.

nial of naturalization under federal law.

We have held that failure to give the Article 26.13(a)(4) admonishment is harmless error where the record shows the defendant is a United States citizen. *Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App.1997); *Matchett v. State,* 941 S.W.2d 922, 926–930 (Tex.Crim.App.1996) (plurality op.). Our holding in *Cain* rests upon the fact that a United States citizen cannot be deported for any reason, including for conviction of a criminal offense. Accordingly, failure to give a defendant who is a U.S. citizen the Article 26.13(a)(4) admonishment at the time of pleading guilty or *nolo contendere* is harmless error *per se* under Texas Rule of Appellate Procedure 44.2(b), or its predecessor, Rule 81(b)(2).

Though the majority in *Cain* did not expressly utilize our holding in *Boykin* to ascertain legislative intent underlying Article 26.13(a)(4), the result would have been the same had it done so. See, *Cain, supra,* at 266–267 (Mansfield, J. concurring). Clearly, it would have been an absurd result—never intended by the Legislature—to hold that a defendant who is a United States citizen and therefore not subject to deportation should have his conviction reversed on appeal because he was not admonished as to the possibility of totally inapplicable deportation consequences as a result of his plea of guilty or *nolo contendere.*

Turning to the instant case, the record establishes that appellant, at the time he pled guilty, was not admonished as to the possible consequences of his plea under federal immigration law as required by Article 26.13(a)(4). The record also reflects appellant was not a citizen of the United States. Furthermore, the record shows, based on his own testimony, appellant was residing in this country illegally, i.e., he was an illegal alien.

Under applicable federal law, an illegal alien is subject to deportation at any time. Therefore, he could not have been harmed by the trial court's failure to admonish him regarding deportation. See 8 U.S.C. § 1182(a)(7)(1997) and 8 U.S.C.

§ 1251(a)(1)(1997). To reverse appellant's conviction for failure to give him the Article 26.13(a)(4) admonishment when he was already subject to deportation as an illegal alien is an absurd result that the Legislature could not have possibly intended. Conceptually, the majority's opinion is logically inconsistent with our holding in *Cain:* in *Cain* we held it harmless not to give the admonishment to a defendant who cannot be deported; in the present case we hold it to be reversible error not to give the admonishment to a defendant who is already deportable as an illegal alien, whether or not he pleads guilty or *nolo contendere* to the charged offense. In either instance, the failure to give the admonishment is harmless beyond a reasonable doubt.

The majority notes that a person who is deported as an illegal alien lacking proper documents is treated, for purposes of potential future legal reentry into the United States, differently than a noncitizen (legal or illegal) who is deported due to conviction of a crime of violence or aggravated felony under federal immigration law. See 8 U.S.C. § 1227; 18 U.S.C. § 16; 8 U.S.C. § 1101(43)(F). See also, *Almendarez–Torres v. U.S.,* —— U.S. ——, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Article 26.13(a)(4), however, is a general admonishment that does not inform the noncitizen pleading guilty or *nolo contendere* that the consequences under federal immigration law of his plea differ greatly depending on the offense to which he has pled. For example, a plea of guilty to the offense of theft may bar him from legal reentry into the United States for a few years, whereas a plea of guilty to the offense of aggravated sexual assault may forever bar his legal reentry into the United States. The majority opinion can easily be read to require offense-specific admonishments; the implication is strong that a conviction upon a plea of guilty or *nolo contendere* where the current, general admonishment has been given may be subject to attack on appeal or by post-conviction application for habeas relief as having been involuntarily and unintelligently made.[1] Any such change to Article

---

1. Left open is the question of whether a nonciti-

zen convicted upon a plea of guilty or *nolo*

26.13(a)(4) is a policy matter best left to the Legislature; we should not "go there."

With these comments, I respectfully dissent.

*contendere* may in a post-conviction application for habeas relief, successfully claim ineffective assistance of counsel if counsel failed to inform

him what the effect of conviction for that offense may be as to deportation and legal reentry under federal immigration law.