TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00009-CR







Casey Butler Ryan, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 50,193, HONORABLE JOE CARROLL, JUDGE PRESIDING







 Appellant Casey Butler Ryan pleaded guilty to forgery. See Tex. Penal Code Ann.
§ 32.21(a)(1)(B) (West Supp. 2000). The district court accepted his plea and judicial confession,
adjudged Butler guilty of forgery, and assessed punishment at two years in state jail. We affirm
the judgment of the district court. 

 Appellant's single issue on appeal is that the court failed to admonish him
concerning the possible consequences of his plea under article 26.13(a)(4) of the Texas Code of
Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (West Supp. 2000). 
Article 26.13(a)(4) provides:


(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall
admonish the defendant of:


 (4) the fact that if the defendant is not a citizen of the United States of
America, a plea of guilty or nolo contendere for the offense charged may
result in deportation, the exclusion from admission to this country, or the
denial of naturalization under federal law. 



See id. Article 26.13(c) provides that "substantial compliance by the court is sufficient" when
admonishing a defendant "unless the defendant affirmatively shows that he was not aware of the
consequences of his plea and that he was misled or harmed by the admonishment of the court." 
Id. art. 26.13(c) (West 1989). Appellant contends that in failing to question him regarding his
citizenship status or to admonish him regarding the risks of deportation for non-citizen defendants,
the court did not substantially comply with article 26.13(a)(4).

 The record shows that the court did not admonish the defendant regarding the
possibility of deportation, nor did it request information regarding appellant's citizenship before
finding him guilty. Where a judge fails to admonish a defendant, there is no substantial
compliance with article 26.13(a)(4). See Carranza v. State, 980 S.W.2d 653, 655 (Tex. Crim.
App. 1998). 

 Lack of substantial compliance with admonishment requirements does not conclude
our inquiry. See id. Failure to admonish under article 26.13(a)(4) is subject to a harm analysis. 
See id. Failure to admonish under article 26.13(a)(4) is "harmless beyond a reasonable doubt if
the record contains evidence that the defendant is a U.S. citizen." Cain v. State, 947 S.W.2d 262,
264 (Tex. Crim. App. 1997); see also Matchett v. State, 941 S.W.2d 922, 929-30 (Tex. Crim.
App. 1996). In his brief, appellant acknowledges that "where the record shows that a Defendant
was a United States citizen, the failure to admonish him or her as to the consequences of the plea
that apply to non-citizens would be immaterial and could not affect the substantial rights of the
accused." 

 The record indicates that the court reviewed appellant's pre-sentence investigation
report before assessing appellant's punishment. The pre-sentence investigation report is before
this court due to a supplemental transcript request by the State. The report indicates that appellant
was born in Universal City, Texas and that he is a United States citizen.

 Because the record shows the defendant to be a United States citizen, we find that
the error was harmless. We overrule appellant's issue on appeal and affirm the judgment of the
district court. 



 


 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: May 11, 2000

Do Not Publish



ONG>

NO. 50,193, HONORABLE JOE CARROLL, JUDGE PRESIDING







 Appellant Casey Butler Ryan pleaded guilty to forgery. See Tex. Penal Code Ann.
§ 32.21(a)(1)(B) (West Supp. 2000). The district court accepted his plea and judicial confession,
adjudged Butler guilty of forgery, and assessed punishment at two years in state jail. We affirm
the judgment of the district court. 

 Appellant's single issue on appeal is that the court failed to admonish him
concerning the possible consequences of his plea under article 26.13(a)(4) of the Texas Code of
Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (West Supp. 2000). 
Article 26.13(a)(4) provides:


(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall
admonish the defendant of:


 (4) the fact that if the defendant is not a citizen of the United States of
America, a plea of guilty or nolo contendere for the offense charged may
result in deportation, the exclusion from admission to this country, or the
denial of naturalization under federal law. 



See id. Article 26.13(c) provides that "substantial compliance by the court is sufficient" when
admonishing a defendant "unless the defendant affirmatively shows that he was not aware of the
consequences of his plea and that he was misled or harmed by the admonishment of the court." 
Id. art. 26.13(c) (West 1989). Appellant contends that in failing to question him regarding his
citizenship status or to admonish him regarding the risks of deportation for non-citizen defendants,
the court did not substantially comply with article 26.13(a)(4).

 The record shows that the court did not admonish the defendant regarding the
possibility of deportation, nor did it request information regarding appellant's citizenship before
finding him guilty. Where a judge fails to admonish a defendant, there is no substantial
compliance with article 26.13(a)(4). See Carranza v. State, 980 S.W.2d 653, 655 (Tex. Crim.
App. 1998). 

 Lack of substantial compliance with admonishment requirements does not conclude
our inquiry. See id. Failure to admonish under article 26.13(a)(4) is subject to a harm analysis. 
See id. Failure to admonish under article 26.13(a)(4) is "harmless beyond a reasonable doubt if
the record contains evidence that the defendant is a U.S. citizen." Cain v. State, 947 S.W.2d 262,
264 (Tex. Crim. App. 1997); see also Matchett v. State, 941 S.W.2d 922, 929-30 (Tex. Crim.
App. 1996). In his brief, appellant acknowledges that "where the record shows that a Defendant
was a United States citizen, the failure to admonish him or her as to the consequences of the plea
that apply to non-citizens would be immaterial and could not affect the substantial rights of the
accused." 

 The record indicates that the court reviewed appellant's pre-sentence investigation
report before assessing appellant's punishment. The pre-sentence investigation report is before
this court due to a supplemental transcript request by the State