NO. 07-02-0468-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 12, 2003

_____

LLOYD WAYNE LOTSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 85,657; HON. CHARLES D. CARVER, PRESIDING

_____

*Memorandum Opinion*

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Lloyd Wayne Lotson (appellant) appeals his felony conviction for burglary of a habitation. Despite the absence of a plea bargain, appellant pled no contest to the charges and waived his right to a jury. However, the trial court did not admonish him as required by art. 26.13(a) of the Texas Code of Criminal Procedure.[1] Instead, it accepted

_____

[1]Requiring the trial court to admonish the defendant of various matters, including the range of punishment, when the defendant pleads guilty or nolo contendere. TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2004).

his plea and proceeded to try the issue of guilt, a topic appellant actually disputed. That is, the State presented evidence of his guilt via witnesses. Appellant not only cross-examined them but also moved for a directed verdict, testified in his own defense and presented his own witness, all in apparent effort to secure an acquittal or a favorable sentence. The trial court eventually found appellant guilty and sentenced him to 30 years imprisonment. Appellant then appealed. The two issues before us concern the failure of the trial court to admonish appellant about the applicable range of punishment. According to him, this circumstance not only warrants reversal but also constitutes a denial of due process. We affirm the judgment.

### *Issue One–Failure to Comply with art. 26.13(a)*

Through his first issue, appellant contends that the trial court reversibly erred because it did not admonish him about the range of punishment applicable to the offense after he pled no contest. We overrule the issue.

As previously mentioned, art. 26.13(a) of the Texas Code of Criminal Procedure obligates the trial court to admonish one who pleads guilty or nolo contendere of various matters. Included within them is the range of punishment attached to the offense. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon Supp. 2004). And, though admonishment is required, the failure to do so does not arise to constitutional magnitude. Instead, it implicates statute and breach of statutory edict. Thus, harm, if any, accompanying the error is analyzed under Texas Rule of Appellate Procedure 44.2(b). *Aguirre-Mata v. State*, No. 2115-00, 2003 WL 21077447 (Tex. Crim. App. May 14, 2003).

Here, the State concedes that the trial court erred in omitting the admonishments.

2

Yet, it believes that the error was harmless. We agree.

Unlike the usual circumstances accompanying a guilty plea or a plea of no contest, the appellant actually disputed his guilt. Furthermore, a trial was conducted to decide that issue. At the proceeding, the prosecutor endeavored to prove guilt via three witnesses while appellant mounted a defense based upon his cross-examination of those witnesses, his own testimony and the testimony of his mother.

Furthermore, nothing of record illustrates that appellant was actually unaware of the range of punishment that he faced or the consequences of his plea. Nor does he assert that he was unaware of those things in his appellate brief. Instead, he 1) states that the failure of the trial court to admonish him constituted error, 2) alludes to the trial court's general obligation to assure that a plea is voluntary and knowing, 3) states that he made no statements indicating that he understood that he could be sentenced to 30 years imprisonment, and 4) posits that his counsel's statement that his sentence could range from 25 years to life did not constitute substantial compliance with art. 26.13(a)(1). Yet, again, nowhere does he deny knowing of the applicable punishment range or that his sentence could be life imprisonment. Similarly absent is any evidence permitting one to reasonably infer that had the trial court admonished appellant per art. 26.13(a) he would have entered some other plea. *See Carranza v. State*, 980 S.W.2d 653, 658 (Tex. Crim. App. 1998) (stating that to secure reversal the appellant must show that he was unaware of the consequences of his plea and that he was misled or harmed).

In short, we have an odd situation before us. Despite representing that he did not contest the charges, appellant contested them. So too was he afforded and did participate

3

in a trial on the merits of those charges. This, coupled with the absence of evidence illustrating that appellant was actually ignorant of the consequences of his plea (whatever those consequences may have been given the circumstances at bar) or would have acted differently had he been admonished per art. 26.13(a), leaves us to conclude that his substantial rights were not affected. Thus, he did not suffer the type of harm prerequisite to securing reversal. *See* TEX. R. APP. P. 44.2(b) (stating that any error, other than constitutional error, must be disregarded if it did not affect substantial rights).

### *Issue Two – Due Process*

We next address whether the failure to admonish appellant about the range of punishment deprived him of his United States Constitutional right to due process. Appellant contends that it did. We disagree and overrule the issue.

Recently, the Texas Court of Criminal Appeals held that federal constitutional notions of due process do not mandate that a defendant pleading guilty be informed of the applicable range of punishment. *Aguirre-Mata v. State*, No. 2115-00, 2003 WL 21077447 (Tex. Crim. App. May 14, 2003). Thus, the failure to admonish someone who pleads guilty about the range of punishment does not constitute the denial of due process. *Id.* We see no reason to deviate from this holding when the defendant (like that before us) pled no contest. Nor has appellant suggested any.

The judgment is affirmed.


Brian Quinn
Justice


4

Do not publish.