NOS.
12-05-00392-CR

         
12-05-00393-CR

         
12-05-00394-CR

         
12-05-00395-CR

         
12-05-00396-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

STACEY DEWAYNE MANLEY,    §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Stacey
Dewayne Manley appeals his four convictions for aggravated robbery, for which
he was sentenced to imprisonment for life in each cause.  Appellant also appeals his conviction for
theft by check, for which he was sentenced to confinement for two years.  Appellant raises one issue on appeal.  We affirm.

 

Background

            Appellant
was charged by separate indictments with four counts of aggravated robbery and
one count of theft by check.  In each
indictment for aggravated robbery, the State alleged a prior felony conviction.  The trial court admonished Appellant, and
Appellant pleaded “guilty” as charged in each cause.  Thereafter, Appellant pleaded “true” to the
enhancement paragraphs related to the aggravated robbery charges.  Following a trial on punishment, the trial
court sentenced Appellant to imprisonment for life on each of his aggravated
robbery convictions.  The trial court
further sentenced Appellant to confinement for two years for theft by
check.  This appeal followed.

 

Voluntariness
of a Guilty Plea

            In
his sole issue, Appellant argues that the trial court failed to properly
admonish him pursuant to Texas Code of Criminal Procedure, article 26.13,
thereby rendering his guilty pleas involuntary.[1]  Specifically, Appellant argues that the trial
court admonished him that the punishment range for aggravated robbery was
imprisonment for five to ninety-nine years, or life, but that after he pleaded “true”
to the enhancement paragraphs, the punishment range was, in fact, imprisonment
for fifteen years to life in each cause. 


            A
guilty plea by a defendant must be made freely and voluntarily.  See Ex parte Evans, 690 S.W.2d
274, 276 (Tex. Crim. App. 1985).  Before
accepting a defendant’s plea of guilty, the trial court must admonish the
defendant either orally or in writing concerning the consequences of the entry
of such a plea.  See Tex. Code Crim. Proc. Ann. art.
26.13(a) (Vernon Supp. 2005).  The
purpose of such admonishments is to ensure that the defendant’s plea is made knowingly
and voluntarily.  See Carranza v.
State, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998).  The trial court need only substantially
comply with article 26.13(a).  See id.
art. 26.13(c) (Vernon Supp. 2005).

            A
complaint on appeal that the trial court failed to properly admonish the
appellant on the range of punishment must be preserved at trial.  See
Tex. R. App. P. 33.1(a);
Mendez v. State, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); Alexander
v. State, Nos. 12-04-00074-CR, 12-04-00075-CR, 2005 WL 2096488, at *3
(Tex. App.–Tyler August 31, 2005, pet. dism’d, untimely filed) (not designated
for publication).  In the case at hand,
the record does not reflect that Appellant made any objection to the trial
court’s admonishment on range of punishment. 
Thus, we hold that Appellant has failed to preserve the error, if any,
of which he complains on appeal.[2] 
Appellant’s sole issue is overruled.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment in each cause.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered July 31, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
Appellant does not argue that he was improperly admonished with regard to his
guilty plea to theft by check.





[2]
Even had Appellant preserved error, the outcome of this appeal would not
change.  When a record shows that the
trial court delivered an incorrect admonishment regarding the range of
punishment, and the actual sentence lies within both the actual and misstated
maximum, substantial compliance is attained. 
Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App.
1998).  In the instant cases, since the
life sentences imposed on Appellant lie within the range of punishment stated
in the trial court’s admonishment and in the unstated enhanced punishment
range, the trial court substantially complied with Article 26.13(a).  See Tex.
Pen. Code Ann. § 29.03(b) (Vernon 2003); compare Tex. Pen. Code Ann. § 12.32(a) (Vernon
2003) with Tex. Pen. Code
Ann. § 12.42(c)(1) (Vernon Supp. 2005).