NO. 07-06-0090-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 9, 2007
______________________________

RAYMON MONTELONGO, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408589; HONORABLE CECIL G. PURYEAR, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, Raymon Montelongo, Jr., plead guilty to the charge of murder and elected
to have the jury assess punishment. He appeals from the jury-imposed sentence of life
imprisonment. Via one point of error, appellant challenges the trial courtâs admission of
four photographs, as a part of the Stateâs punishment evidence. We affirm.
Â 
Â Â Â Â Â Â Â Â Â Â This appeal arises from the murder of Erica Perez. Appellant and Perez had a long-term relationship and had a child together. Their relationship sometimes was discordant,
particularly after the birth of their child. Appellantâs on-and-off dependence on alcohol
worsened and, shortly before the murder, Perez came to believe that appellant had been
unfaithful. As a result, she ended their relationship. 
Â Â Â Â Â Â Â Â Â Â Appellant entered a substance abuse counseling center, but soon left it. He was
staying with his parents. On the day of the murder, after a morning of drinking, appellant
went to his brotherâs home, where he acquired a pistol. He drove to Perezâs place of
employment and waited in the parking lot. Shortly, they were seen and heard arguing. 
She was heard to say, âJust leave, leave me alone.â After further argument, appellant
fatally shot Perez with the pistol, inflicting two wounds. He drove away and shortly
thereafter confessed to the shooting in a telephone call to his mother. Appellantâs mother
called his brother, who accompanied appellant to speak with police. Appellant again
confessed to killing Perez, telling police he was not in his right mind at the time of the
shooting.
Â Â Â Â Â Â Â Â Â Â In his brief, appellant contends his defense at the punishment phase of trial focused
on the âsudden passionâ mitigation.


 During voir dire, trial counsel spent time discussing
âsudden passionâ and its impact on the range of punishment. Punishment testimony
indicated that both appellant and Perez were highly agitated in the days before the murder
and, as noted, engaged in a heated argument just before her death. Appellant chose not
to testify at trial. 
Â Â Â Â Â Â Â Â Â Â The Stateâs punishment evidence included testimony from the medical examiner
about the cause of death. He said Perez had a gunshot wound in the head, which was the
fatal wound, and another gunshot wound in her chest. He testified that the âtattooingâ of
Perezâs skin indicated the gun was twelve to eighteen inches away when the shot to her
chest was fired. 
Â Â Â Â Â Â Â Â Â Â During the punishment phase the State also introduced over two hundred
photographs depicting, among other things, the scene of the shooting, blood splatters,
Perezâs body, and appellantâs face, body and hands. Most of the photographs were
admitted without objection. Appellantâs point of error on appeal challenges the admission
of four of the Stateâs exhibits, exhibits 236, 237, 244 and 245. 
Â Â Â Â Â Â Â Â Â Â The record reflects that the State offered its exhibits 235 through 245 together, all
of them photographs of appellant or his clothing. At that point, appellantâs counsel asked
to approach, and a discussion ensued at the bench outside the juryâs hearing. Counsel
said he had âno objectionâ to exhibits 235, 238, 239, 240, 242, 243, 244 or 245. He told
the court âwe object to 236 on the basis of relevancy, on the basis that the prejudicial value
of this picture is great and the probative value is none.â He continued, âSimilarly, Judge,
we object to 237 on lack of relevance, and the probative value of this evidence - - I donât
know what it is, but it is outweighed by the prejudicial value.â Counsel then voiced an
objection to exhibit 241, which the State withdrew. Responding, the prosecutor said, âIn
regards to 236 and 237, I mean, those are definitely shown to show that there is a lack of
injury on him. I know there has been testimony that there was an argument. Thereâs not
any injuries underneath him. I know that [defense counsel] is going to want sudden
passion in there. And so, I mean, I think theyâre definitely admissible for those, to show
that there is a lack of injuries on him and underneath him.â The court overruled the
objections to exhibits 236 and 237 and said he would allow their admission. At that point,
the reporterâs record indicates proceedings before the jury resumed. The court announced
its admission of all eleven of the tendered exhibits except the withdrawn exhibit 241. 
Counsel then stated, âJudge, weâd ask for a limited instruction on 236 and 237, if itâs going
to be offered for the - - limited for the purpose that [the prosecutor] says heâs offering it for.â
The court responded, âIt will be limited to show - - for the purpose of no injuries to the
defendant.â 
Â Â Â Â Â Â Â Â Â Â Exhibit 236 is a photograph of appellant with his shirt pulled up to show his chest.
Exhibit 237 is a similar photo showing appellantâs back.


 Exhibits 244 and 245 are photos
of appellantâs hands. 
Â 
Â Â Â Â Â Â Â Â Â Â On appeal, appellant focuses on the prosecutorâs argument at the bench conference 
that the two challenged photos were admissible to counter appellantâs expected claim that
he caused Perezâs death under the influence of sudden passion. Although appellantâs
point of error asserts the photos were not relevant, his argument is to the effect that they 
should not have been admitted to show the absence of injuries to appellant because doing
so would confuse the issue of sudden passion with that of self-defense.


 Ultimately, he
contends, the trial courtâs action caused him to abandon his claim of sudden passion. 
Â Â Â Â Â Â Â Â Â Â We initially note our agreement with the State that the theory appellant asserts in
his argument on appeal was not presented to the trial court, so his argument runs afoul of
the error preservation rules.


 Case law establishes that an objection stating one legal
theory may not be used to support a different legal theory on appeal. See Wilson v. State,
71 S.W.3d 346, 349 (Tex.Crim.App. 2002) (if objection in trial court differs from complaint
on appeal, defendant has failed to preserve error for review); Broxton v. State, 909 S.W.2d
912, 918 (Tex.Crim.App. 1995) (to preserve error for appellate review, complaint on appeal
must comport with objection at trial; objection stating one legal theory may not be used to
support a different legal theory on appeal); Rezac v. State, 782 S.W.2d 869, 870
(Tex.Crim.App. 1990) (same holding). Appellantâs bare relevancy and âmore prejudicial
than probativeâ


 objections did not tell the trial court that, by admitting the photographs, it
was going to confuse the jury by impermissibly raising the issue of self-defense. That
contention is not preserved for our review. 
Â Â Â Â Â Â Â Â Â Â Even were appellantâs contention preserved for review, we could not sustain it.
Reversal of the trial courtâs judgment would require us to find that admission of the
photographs was error, a finding we do not make, and that the erroneous admission
affected appellantâs substantial rights. Tex. R. App. P. 44.2(b); Carranza v. State, 980
S.W.2d 653 (Tex.Crim.App. 1998); Alford v. State, 22 S.W.3d 669, 673 (Tex.App.âFort
Worth 2000, pet. refâd). As noted, appellant contends he was harmed because admission
of the two photographs led to his abandonment of his claim the murder resulted from
sudden passion. But he is unable to point to anything in the record supporting the
existence of the claimed connection between the admission of the photographs, with the
limiting instruction, and his abandonment of a sudden passion mitigation claim.


 The
record reflects appellantâs conscious decision not to testify during the punishment stage
of trial, and reflects his understanding that he would be unable to claim sudden passion
without testifying, but we see nothing in the record to indicate that admission of the two
photographs into evidence had anything to do with his decision not to take the stand. 
Â Â Â Â Â Â Â Â Â Â Finding that appellantâs contention on appeal is not preserved for review, and that
it lacks merit, we overrule it. Accordingly, the trial courtâs judgment is affirmed.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice







Do not publish. 



p;











[1] See Tex.
Health & Safety Code Ann. § 481.112(d) (Vernon Supp. 2009).