## Fourth Court of Appeals
### San Antonio, Texas


## MEMORANDUM OPINION

No. 04-12-00792-CV

**IN THE MATTER OF J.D.**

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-JUV-00504A
The Honorable Carmen Kelsey, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  July 10, 2013

AFFIRMED

In accordance with a plea bargain agreement, J.D. pled true to one count of aggravated sexual assault, and the trial judge assessed a determinate sentence of twenty years. On appeal, J.D. contends the trial court: (1) committed fundamental error in failing to admonish him regarding the immigration consequences of his plea; and (2) erred in denying his motion to quash. We affirm the trial court's judgment.

### ADMONISHMENTS

In his first issue, J.D. asserts the trial court committed fundamental error in failing to admonish him regarding the immigration consequences of his plea. J.D. cites article 26.13(a)(4) of the Texas Code of Criminal Procedure, which requires a trial court to admonish an adult defendant pleading guilty to an offense of the immigration consequences of his plea. TEX. CODE

CRIM. PROC. ANN. art. 26.13(a)(4) (West Supp. 2012). Although J.D. "readily acknowledged" in his brief, that no equivalent statutory admonishment is contained in the Juvenile Justice Code, J.D. argues that the admonishment should nevertheless be given.

The Texas Legislature has expressly determined which provisions of the Texas Code of Criminal Procedure are applicable to a juvenile proceeding, and article 26.13 is not among them. *See* TEX. FAM. CODE ANN. § 51.17 (West Supp. 2012). In fact, the Texas Legislature has provided a separate set of admonishments a trial court is required to provide at the beginning of a juvenile adjudication hearing. TEX. FAM. CODE ANN. § 54.03 (West Supp. 2012). As J.D. acknowledged in his brief, the possibility of deportation upon a plea of true is not included in these admonishments. *See id.*; *see also In re R.F.*, No. 07-02-0298-CV, 2003 WL 21404126, at *1 (Tex. App.—Amarillo June 17, 2003, no pet.) (mem. op.) (concluding "trial court's failure to admonish appellant regarding deportation consequences in a juvenile proceeding did not violate his due process rights"). Accordingly, the trial court's failure to provide an admonishment it was not statutorily required to give cannot be considered fundamental error. *See Carranza v. State*, 980 S.W.2d 653, 656-57 (Tex. Crim. App. 1998) (holding admonishments are statutorily, but not constitutionally, required). Moreover, as the State notes in its brief, the record contains a determinate sentence report stating that J.D. was born in San Antonio, Texas. Even in the context of a guilty plea by an adult defendant, a trial court's failure to admonish the defendant on the immigration consequences of his plea is harmless error when the record establishes that the defendant is a United States citizen. *VanNortrick v. State*, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007). J.D.'s first issue is overruled.

### MOTION TO QUASH

In his second issue, J.D. contends the trial court erred in denying his motion to quash the State's first amended petition because the petition alleged that he engaged in conduct that violated

a section of the Texas Penal Code for which a determinate sentence could not be imposed. The sufficiency of a charging instrument presents a question of law which is reviewed de novo. *Smith v. State*, 309 S.W.3d 10, 13-14 (Tex. Crim. App. 2010). Section 53.045(e) prohibits a prosecuting attorney from referring a petition to a grand jury for approval of a determinate sentence if the petition alleges that the juvenile engaged in conduct that violated section 22.011(a)(2) or sections 22.021(a)(1)(B) and (2)(B) of the Texas Penal Code, unless the juvenile is more than three years older than the victim of the conduct. *See* TEX. FAM. CODE ANN. § 53.045(e) (West Supp. 2012). In this case, the count in the amended petition to which J.D. pled true alleged that he committed the offense of aggravated sexual assault without the consent of the complainant, which is an offense defined by section 22.021(a)(1)(A)(i). *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i) (West Supp. 2012). Accordingly, the prosecuting attorney was not prohibited from seeking a determinate sentence for the alleged offense, and J.D.'s second issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice