

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,709-05

### IN RE JAMES DWAYNE HOISAGER, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. CR-32305A IN THE 142ND DISTRICT COURT
### FROM MIDLAND COUNTY

*Per curiam*.

### O P I N I O N

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contends that he filed an application for a writ of habeas corpus in Midland County and that Respondent, the Midland County District Clerk, has not timely forwarded his application to this Court or complied with Article 11.07, § 7 of the Code of Criminal Procedure.

We held this application in abeyance on October 9 and November 27, 2019, and ordered Respondent to file responses. In his first response, he said that the 181-day deadline in Rule of

Appellate Procedure 73.4(b)(5) had not expired.[1] In his second response, he said that the State's proposed order designating issues and the trial court's findings of fact and conclusions of law were mailed to Relator.

We find that Respondent has complied with Article 11.07, § 7 of the Code of Criminal Procedure. Respondent is, however, violating his ministerial duty to forward Relator's application to this Court. According to the record, the trial court entered findings of fact and conclusions of law on June 26, 2019. Despite the 181-day deadline in Rule 73.4(b)(5), Respondent had a ministerial duty to immediately forward Relator's application to this Court after the trial court entered findings and conclusions. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). Although this Court has the authority to promulgate rules of appellate procedure such as Rule 73.4(b)(5), these rules may not abridge, enlarge, or modify the substantive rights of a litigant. TEX. GOV'T CODE § 22.108; *see also* TEX. CODE CRIM. PROC. art. 44.33(a) ("The Court of Criminal Appeals shall make rules of posttrial and appellate procedure as to the hearing of criminal actions not inconsistent" with the Code of Criminal Procedure); *Carranza v. State*, 980 S.W.2d 653, 658 (Tex. Crim. App. 1998) (To require a higher burden than that found in Article 26.13 of the Code of Criminal Procedure "would effectively allow the Rules of Appellate Procedure, which are promulgated by this Court, to 'trump' or override the Code of Criminal Procedure" and contravene Article 44.33(a) of the Code of Criminal Procedure.).

We conditionally grant mandamus relief and order Respondent to immediately forward Relator's Article 11.07 application to this Court. We will withhold issuing the writ of mandamus

---

[1] Rule 73.4(b)(5) provides: "On the 181st day from the date of receipt of the application by the State of a postconviction application for writ of habeas corpus under Article 11.07, the district clerk shall forward the writ record to this Court unless the district court has received an extension of time from the Court of Criminal Appeals pursuant to Rule 73.5." TEX. R. APP. P. 73.4(b)(5).

so Respondent can comply with this opinion.

Filed: January 15, 2020

Do not publish