**Gregorio Torres GALLEGOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–94–463–CR.**

Court of Appeals of Texas, Corpus Christi.

Feb. 1, 1996.

---

Richard B. Gould, McAllen, for appellant.

Rene Guerra, District Attorney, Thedore C. Hake, Asst. District Attorney, Traci A. Sellman, Asst. District Attorney, Edinburg, for appellee.

Before YAÑEZ, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

YAÑEZ, Justice.

This appeal arises from the conviction of appellant, Gregorio Torres Gallegos, for two counts of aggravated sexual assault, two counts of indecency with a child by contact, and one count of indecency with a child by exposure. After finding appellant guilty, a jury assessed punishment at fifty years imprisonment for the aggravated sexual assaults, twenty years imprisonment for the indecency with a child by contact counts, and five years imprisonment for indecency with a child by exposure. The trial court ordered that the sentences should run concurrently. By eight points of error, appellant challenges the sufficiency of the evidence, claims that the trial court improperly admitted evidence, and complains about the State's improper jury argument. We affirm.

In October 1994, M.R., a five year-old, told her mother, Mrs. Lilia Aleman, that appellant had kissed her. Appellant lived next door to M.R. M.R. also told her mother that appellant had kissed her mouth, her "pee-pee," and her rear. M.R. told her mother that appellant had put his pee-pee in her front and her rear. M.R. recounted that when she had gone to appellant's house to play with one of his daughters, appellant covered the windows and closed the door. Appellant then pulled down her panties. Mrs. Aleman notified the police. A Child Protective Services Investigator, Cynthia Trejo, went to appellant's home that evening and interviewed his children. Ms. Trejo talked to appellant's seven year-old daughter, A.G. A.G. told Ms. Trejo that her father had been sexually abusing her. Ms. Trejo testified that A.G. told her that appellant had touched her neighbor M.R.'s rear-end. She also explained that appellant had touched her in her rear-end and front. A.G. related that appellant had kissed her several times and that he would take her into her parents' bedroom and lock the door. She told Ms. Trejo that appellant would take off his clothes, take off A.G.'s clothes, and he would then touch and kiss her all over. A.G. also stated that appellant would put cream on his pee-pee and put it "in front of me" and "in back of me." A.G. told her that it hurt when appellant did this, and that once she had stained her panties. A.G. told Ms. Trejo that appellant had done these things after school had started and that he did it when her mother was at work during the afternoon. Appellant was later arrested.

At trial, Mrs. Aleman restated what M.R. had told her about appellant. She denied telling the girls what to say about appellant's behavior. M.R. also testified that what she told her mother was true. M.R. testified that appellant would take off his pants and she could see his underwear. Appellant also took off her dress and touched her "in the pompis [1] and in my pee-pee." Once appellant pulled her toward him and sat her on his lap while he was wearing no pants and she had no panties. She also testified that appellant touched her breasts. Further, Ms. Trejo was allowed to testify as an outcry witness at trial about her conversation with A.G.

A.G. was examined by a physician, Dr. Rene Vela. He testified that he examined

---

1. "Pompis" means the rear or anal area of the body.

A.G., but stated that the exam was brief and only visual because A.G. was scared and difficult to restrain. He explained that A.G. did not have a hymenal ring, and that she had a grossly enlarged hymenal opening. The doctor testified that this was unusual and abnormal for a seven-year-old; the absence of a hymenal ring is usually caused by vaginal penetration or injury. Dr. Vela stated that he also noticed a sexually transmitted genital wart in A.G.'s anal area. Dr. Vela, however, performed no tests to determine the wart's exact type. Dr. Vela further testified that A.G.'s demeanor, trauma, bruising, and anal tears all indicated that she had been sexually abused.

Additionally at trial, A.G. denied that she had ever told Ms. Trejo that appellant had touched her in a bad way. She testified that appellant never touched her front or back areas nor did he sexually abuse her. A.G. testified that Mrs. Aleman made her cry the day the investigator came over because she said that her mother was going to jail. Moreover, A.G.'s two young cousins testified that appellant never touched them in a bad way. A.G.'s mother also testified. She stated that appellant never abused the girls, that A.G. had been born with the anal wart, and that she never noticed a discharge on A.G.'s panties. She acknowledged, however, that Ms. Trejo told her the evening of the interview that A.G. had told her that appellant had abused her. A.G.'s mother further stated that Mrs. Aleman was mad at appellant, and she told the girls what to say. She stated that Mrs. Aleman told A.G. that her mother would go to jail if she did not tell the police that appellant had touched her. Appellant also took the stand and denied the charges. Appellant testified that Mrs. Aleman made up the story and convinced the girls to make the allegations.

## SUFFICIENCY OF THE EVIDENCE

 By points of error one through four, appellant complains that the evidence is insufficient to sustain his conviction for the two counts of aggravated sexual assault, and the two counts of indecency with a child. In determining the merits of an insufficiency claim, we review the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154, 157 (Tex.Crim.App.1991). We also apply this standard to cases involving circumstantial evidence. *Earhart v. State,* 823 S.W.2d 607, 616 (Tex.Crim.App.1991); *Carlsen v. State,* 654 S.W.2d 444, 449 (Tex.Crim.App.1983) (opinion on reh'g). We measure the sufficiency of the evidence against the indictment as incorporated into the jury charge. *Jones v. State,* 815 S.W.2d 667, 670–71 (Tex.Crim. App.1991).

By counts one and four, the State charged appellant with aggravated sexual assault of his daughter A.G. and with M.R. The jury was instructed that a person commits aggravated sexual assault if the person intentionally or knowingly causes the sexual organ or anus of a child under fourteen years of age to contact the sexual organ of another person including the actor. Tex.Penal Code Ann. § 22.021 (Vernon 1989).

 By point of error one, appellant complains that the evidence was insufficient to convict him because A.G. denied being touched by him in a bad way. Appellant also claims that the outcry witness testimony of Ms. Trejo was improperly admitted. Appellant contends that when outcry witness testimony does not meet the requirements outlined in article 38.072 of the Code of Criminal Procedure, as he argues is the case here, the testimony lacks probative force upon appellate review. These two factors together, appellant contends, amount to no evidence that appellant sexually assaulted A.G. In spite of appellant's plea, the Court of Criminal Appeals has announced that when reviewing the sufficiency of the evidence, an appellate court must examine all the evidence, including any that was erroneously admitted in sexual assault cases. *Rodriguez v. State,* 819 S.W.2d 871, 873 (Tex.Crim.App.1991); *Villalon v. State,* 791 S.W.2d 130, 133 (Tex.Crim.App. 1990). Further, outcry witness evidence admitted under article 38.072 of the Code of Criminal Procedure, as was Ms. Trejo's, is admitted as an exception to the hearsay rule,

**54**

and as such is substantive evidence, admissible for the truth of the matter asserted in the testimony. *Rodriguez,* 819 S.W.2d at 873. As well, in reviewing the evidence in cases involving children, we cannot expect child victims to testify with the same clarity and ability as is expected of mature and capable adults. *Villalon,* 791 S.W.2d at 134. Where the child has sufficiently communicated that the touching occurred to a part of the body within the definition of the statute, the evidence will be sufficient to support a conviction regardless of the unsophisticated language that the child uses. *Clark v. State,* 558 S.W.2d 887, 889 (Tex.Crim.App.1977).

■ Here, Ms. Trejo testified that A.G. told her that her father had been sexually abusing her. Ms. Trejo testified that A.G. told her that appellant had touched her in her rear-end and front. A.G. related that appellant had kissed her several times and that he would take her into her parents' bedroom and lock the door. She told Ms. Trejo that appellant would take off his clothes, take off A.G.'s clothes, and he would then touch and kiss her all over. A.G. also stated that appellant would put cream on his pee-pee and put it "in front of me" and "in back of me." A.G. told her that it hurt when appellant did this, and that once she had stained her panties. Dr. Rene Vela also testified that when he examined A.G. she did not have a hymenal ring, and that she had a grossly enlarged hymenal opening. The doctor testified that this was unusual and abnormal for a seven-year-old and was caused either by vaginal penetration or injury. Dr. Vela stated that he also noticed a sexually transmitted genital wart in A.G.'s anal area. Dr. Vela further testified that A.G.'s demeanor, trauma, bruising, and anal tears all indicated that she had been sexually abused. The jury also heard evidence that A.G. was seven years old when the offense occurred. The evidence is sufficient to sustain appellant's conviction on count one of aggravated sexual assault. Point one is overruled.

■ By point four, appellant claims that the evidence is insufficient to show that he sexually assaulted M.R. Mrs. Aleman, however, testified about M.R.'s revelations to her. Mrs. Aleman testified that M.R. told her that appellant had kissed her mouth, her "pee-pee," and her rear. M.R. told her mother that appellant had put his pee-pee in her front and her rear, which meant her vagina and anus. M.R. testified that she had told her mother what appellant had done to her and that it was true. M.R. testified that appellant would take off his pants and she could see his underwear. Appellant also took off her dress and touched her "in the pompis and in my pee-pee." Once appellant pulled her toward him and sat her on his lap while he was wearing no pants and she had no panties. She also testified that appellant touched her breasts. The evidence is sufficient to sustain appellant's conviction for aggravated sexual assault against M.R. Point four is overruled.

■ By point two, appellant claims that the evidence is insufficient to sustain his conviction in count two for indecency with a child by contact. A.G. was named as the victim. The jury was instructed that a person commits an offense if he engages in sexual contact with a child younger than seventeen years of age not his spouse. Tex.Penal Code Ann. § 21.11(a)(1) (Vernon 1989). Sexual contact was defined as "any touching of the anus, breast, or any part of the genitals of another person with the intent to arouse or gratify the sexual desire of any person." Tex.Penal Code Ann. § 21.01(2) (Vernon 1989). Again, Ms. Trejo testified that A.G. told her that her father had been sexually abusing her. Ms. Trejo testified that A.G. told her that appellant had touched her in her rear-end and front. She told Ms. Trejo that appellant would take off his clothes, take off A.G.'s clothes, and he would then touch and kiss her all over. A.G. also stated that appellant would put cream on his pee-pee and put it "in front of me" and "in back of me." Dr. Vela also testified that when he examined A.G. she did not have a hymenal ring, and that she had a grossly enlarged hymenal opening. The doctor testified that this was unusual and abnormal for a seven-year-old and was caused either by vaginal penetration or injury. Dr. Vela stated that he also noticed a sexually transmitted genital wart in A.G.'s anal area. Dr. Vela further testified that A.G.'s demeanor, trau-

ma, bruising, and anal tears all indicated that she had been sexually abused. The jury also heard evidence that A.G. was seven years old when the offense occurred. The evidence was sufficient for a rational juror to find beyond a reasonable doubt that appellant is guilty of indecency with a child by contact. Point two is overruled.

■ By point three, appellant complains that the evidence is insufficient to support a guilty verdict based on count three, indecency with a child by exposure. The jury charge indicated that

> a person commits an offense if, with a child younger than seventeen years of age and not his spouse, whether the child is of the same or opposite sex, he exposes any part of his genitals knowing the child is present, with the intent to arouse or gratify the sexual desire of any person.

TEX.PENAL CODE ANN. § 21.11(a)(2) (Vernon 1989). A.G. was named in the indictment as the victim. Ms. Trejo, a Child Protective Services investigator, testified that A.G. told her that appellant had touched her in her rear-end and front. She told Ms. Trejo that appellant would take off his clothes, take off A.G.'s clothes, and he would then touch and kiss her all over. A.G. also stated that appellant would put cream on his pee-pee and put it "in front of me" and "in back of me." From this testimony a rational jury could find beyond a reasonable doubt that appellant was guilty of indecency with a child by exposure. Point three is overruled.

## OUTCRY WITNESS TESTIMONY

■ By points of error five and six, appellant complains that the outcry witness testimony given by Ms. Trejo was improperly admitted. Appellant specifically argues that the testimony did not meet the statute's requirements and exceeded the scope of the statutory hearsay exception. Article 38.072 of the Code of Criminal Procedure provides for an exception to the hearsay rule when a child is an abuse victim. Article 38.072, § 2 states that

> (a) this article applies only to statements that describe the alleged offense that:

> (1) were made by the child against whom the offense was allegedly committed; and

> (2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.

> (b) a statement that meets the requirements of Subsection (a) of the article is not inadmissible because of the hearsay rule if:

> (1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

> (A) notifies the adverse party of its intention to do so;

> (B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

> (C) provides the adverse party with a written summary of the statement;

> (2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement;

> (3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

TEX.CODE CRIM.PROC.ANN. art. 38.072, § 2 (Vernon Supp.1996).

By point five, appellant argues that the trial court erred in allowing Ms. Trejo to testify because the record does not adequately reflect what statement the trial court was concluding to be reliable. We note that appellant does not complain that he did not receive a written summary of the potential witness's statement or that he was surprised by the outcry witness testimony. Instead, appellant argues that the record does not show that the statement by Ms. Trejo was reliable based upon "content" as required by section (b)(2) of the statute. After reviewing the record, we find appellant's point without merit. At the hearing to determine the reliability of the statement, defense counsel told the trial court that "the outcry that they have, if the court could take a look at it, the outcry they have for Ms. Trejo, . . . it says

that basically the defendant would kiss the victim on the victim's mouth and body, ... that the defendant caused his genital [to come into] contact with the victim's genital and anus." We find that the trial court and defense counsel were adequately apprised of the outcry witness's statement and potential testimony. The trial court could have found the statement reliable based on content. Point five is overruled.

By point six, appellant argues that Ms. Trejo's testimony exceeded the scope of the statutory exception. Appellant argues that Ms. Trejo's testimony included information that described more than the alleged offense. Article 38.072 expressly applies only to statements that describe the alleged offense. TEX.CODE CRIM.PROC.ANN. art. 38.072, § 2(a) (Vernon Supp.1996). Appellant points to three specific statements that describe events other than the alleged offense: 1) Ms. Trejo testified that appellant touched A.G. "in the back," kisses her on her mouth, and kisses her all over her body; 2) that it was a "ritual," and indicated that the abuse occurred several times; and 3) that appellant touched M.R. in the rear. The first statement that appellant touched A.G. "in the back," kisses her on her mouth, and kisses her all over her body was a statement that described the alleged offense. The State charged appellant with sexual assault and indecency with a child by contact. These statements did not exceed the scope of the statutory exception as they provided evidence that appellant committed the offenses alleged. As to the other two statements, we find no record evidence that appellant specifically objected to them. Appellant did not ask the trial court to decide whether they were proper evidence under the statute. At the statutory outcry witness hearing, defense counsel merely apprised the trial court that the first statement was improper. Thereafter, counsel argued that the outcry statement was not properly presented and was unreliable. At trial before Ms. Trejo testified as to the statement, appellant objected based on hearsay and his previous objection at the hearing. At no time did defense counsel ask the trial court to exclude this testimony because it described events other than the alleged offense. Appellant has presented nothing for appellate review here. TEX. R.APP.P. 52(a). Point six is overruled.

## PROSECUTORIAL JURY ARGUMENT

By points of error seven and eight, appellant argues that the trial court erred in overruling his objections to the State's jury argument. Proper jury argument must fall within one of the following four categories: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) response to argument of opposing counsel; or (4) plea for law enforcement. *Cooks v. State,* 844 S.W.2d 697, 727 (Tex. Crim.App.1992). Even if an argument is outside one of these areas, an instruction to disregard the remarks will normally cure the error, unless "in light of the record as a whole it was extreme or manifestly improper, violative of a mandatory statute, or injected new facts harmful to the accused," in which case, the error is reversible. *Id.* Only offensive or flagrant error calls for reversal when there has been an instruction to disregard. *Id.* at 728.

Appellant claims that when the State argued that M.R. had a medical examination that showed no signs of abuse because "when you aren't penetrated, there are no signs of abuse," the State was arguing improperly outside the record. During his closing, appellant argued that the State could provide no medical evidence that M.R. was abused because none existed. Mrs. Aleman testified that M.R. had seen a doctor, and Dr. Vela testified that without penetration there may be no physical signs of abuse. Thus, the State's argument was not outside the evidence presented at trial, and was argued in response to appellant's interpretation of no medical evidence being offered. Point seven is overruled.

By point of error eight, appellant contends that the trial court erred by failing to declare a mistrial after the State made improper jury argument. During closing, the State commented that,

> [y]ou see, there are three completely different stories of sexual abuse. They did not come from Lilia Aleman and that's how

we know right away, looking him in the face and saying you and all your family are liars. He won't look at me. I doubt if he'll look at you.

After these comments, appellant objected, the trial court sustained the objection, and the trial court immediately instructed the jury to disregard. Appellant did not ask for a mistrial after the jury was instructed to disregard the prosecutor's comments. The proper method of pursuing an objection until an adverse ruling is to (1) make an objection, (2) request an instruction to disregard, and (3) move for a mistrial. *Fuentes v. State,* 664 S.W.2d 333, 337 (Tex.Crim.App.1984). Here, appellant did not ask for a mistrial. Appellant argues, however, that we must still reverse the trial court judgment because in this case there is an exception to the failure to seek a mistrial. It is the general rule that improper argument made by the State is waived by a defendant's failure to object. *Landry v. State,* 706 S.W.2d 105, 111 (Tex. Crim.App.1985). An exception to this rule occurs where an argument is so prejudicial that, had the defendant objected, an instruction would not have cured harm. *Id.* In this case, we believe that the trial court's instruction cured any harm. The prosecutor's comments were immediately stopped, the jury was told to disregard, and the prosecutor moved on. In light of the record as a whole, the statement was not so extreme, prejudicial, or manifestly improper as to require a mistrial. The trial court did not err in failing to declare a mistrial. Point eight is overruled.

Judgment of the trial court is AFFIRMED.