# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-99-00590-CR

**John Savedra, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 0982023, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING

Appellant John Savedra was charged with aggravated sexual assault of a child and indecency with a child by contact. *See* Tex. Penal Code Ann. §§ 22.021, 21.11 (West Supp. 2000). A jury acquitted Savedra of the sexual assault charge, but found him guilty of indecency with a child. Savedra elected to have the trial court assess punishment and was sentenced to seven years' imprisonment. On appeal, Savedra complains that the trial court erred in designating the victim's mother as the outcry witness and that the evidence is legally and factually insufficient to show that Savedra knowingly or intentionally had sexual contact with the victim. We affirm the conviction.

## BACKGROUND

Savedra was the boyfriend of the victim's mother and was living with her at the time of the offense. On the night of February 13, 1998, the eight-year-old victim, K.R., went downstairs to sleep on the love seat. K.R. suffered from asthma and occasionally slept downstairs when the upstairs bedroom became too warm, making it difficult for her to breathe. Savedra had fallen asleep

on the sofa earlier that evening following an argument with K.R.'s mother. Sometime that night, K.R. awoke with her pants and underwear down around her ankles and Savedra's penis inside her "private parts." She tried to kick Savedra off and fell off the love seat. When she returned to the love seat and laid on her stomach, Savedra began rubbing his penis against her bottom. K.R. again pushed Savedra off and rolled onto her back. Savedra got back on top of her and put his finger and his tongue in her "private parts." K.R. testified that Savedra repeated the name of her mother while the incident occurred. At about 3:00 a.m., Savedra pulled his underwear and pants back up and returned to the couch. K.R. went to use the restroom, returned to the love seat, and fell asleep.

Later that morning, as K.R. was eating breakfast, her mother and Savedra began arguing. During this argument, K.R. told her mother that Savedra "did some nasty, bad things to me. He touched my privates." Following this outburst, K.R.'s mother took K.R. and her brother to a friend's apartment, where in response to further questioning, K.R. provided Marjorie, the mother's friend, and Frances, Marjorie's daughter, a more detailed description of the incident. K.R.'s mother was not present during this discussion. K.R. did not give further details of the abuse to her mother until the following day.

Savedra was indicted for aggravated sexual assault of a child and indecency with a child by contact. Before trial, the trial court held a hearing to designate the outcry witness. *See* Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 2000). The State presented K.R.'s mother as the outcry witness. Savedra objected, arguing that K.R.'s statements to her mother were merely general allusions that some sort of abuse had occurred and that K.R. did not discernibly describe the events that occurred until she spoke to Marjorie and Frances, and because the State failed to notify Savedra

2

of its intention to use either Marjorie or Frances as an outcry witness, it was precluded from offering the hearsay testimony of K.R. through either of them. The trial court overruled Savedra's objection and allowed the State to designate K.R.'s mother as the outcry witness, but limited her testimony to the initial statements K.R. made to her the morning after the incident. She was not allowed to discuss any of the subsequent details provided by K.R. the following day.

By three issues, Savedra appeals the jury's verdict. He first complains that the trial court erred in determining that K.R.'s mother was the appropriate outcry witness. He also argues that the evidence is legally and factually insufficient to show he knowingly or intentionally had sexual contact with K.R.

## DISCUSSION

Article 38.072 of the Code of Criminal Procedure creates a statutory exception to the general rule excluding hearsay evidence for a child abuse victim's initial outcry statement that: (1) is made by the child against whom the offense was allegedly committed, and (2) is made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense. Tex. Code Crim. Proc. Ann. art. 38.072. The trial court has broad discretion in determining which of several witnesses qualifies as the outcry witness. *Garcia v. State,* 792 S.W.2d 88, 92 (Tex. Crim. App. 1990). We will not disturb the trial court's ruling unless a clear abuse of that discretion is apparent from the record. *Id.*

Savedra contends that the trial court abused its discretion in designating K.R.'s mother as the outcry witness. Relying on *Garcia* and *Molina v. State*, 971 S.W.2d 676 (Tex.

3

App.—Houston [14th Dist.] 1998, pet. ref'd), he argues that although K.R.'s mother was the first person to whom K.R. reported the offense, K.R.'s statements to her mother were too vague, and the true outcry witness should have been Marjorie or Frances, since they were the first persons to whom K.R. described the offense in detail. We disagree.

As explained in *Garcia*, children often do not speak in exact terms. *Garcia*, 792 S.W.2d at 91. So long as the child has sufficiently communicated that the touching occurred to a part of the body within the definition of the statute, the evidence will be sufficient to support a conviction regardless of the unsophisticated language that the child used. *Gallegos v. State,* 918 S.W.2d 50, 54 (Tex. App.—Corpus Christi 1996, pet. denied) (citing *Clark v. State*, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977)). The Court of Criminal Appeals has interpreted the phrase "a statement about the offense" in the statute to mean "a statement that *in some discernible manner* describes the alleged offense." *Garcia*, 792 S.W.2d at 91 (emphasis added).

The record reflects that K.R.'s mother was the first adult to whom K.R. made a statement describing the charged offense. K.R.'s statements that Savedra did "bad, nasty things" to her and that he "touched her privates" discernibly described the offense for which Savedra was convicted, namely indecency with a child by contact.[1] This is especially true when coupled with the mother's testimony that she understood K.R.'s reference to her "privates" to mean her vagina.

Savedra's reliance on *Garcia* and *Molina* is misplaced. In each of those cases, the designated outcry witness was not the first person to whom the complainant had disclosed the abuse.

---

[1] Section 22.11 states that a person commits the offense of indecency with a child if he engages in sexual contact with a child who is younger than seventeen years and not his spouse. Tex. Penal Code Ann. § 21.11(a)(1) (West Supp. 2000).

The appellants argued that the trial court should have designated as the outcry witness the first adult to whom the complainant mentioned something about the alleged sexual abuse in accordance with article 38.072. In both cases, the reviewing courts held that a trial court has the discretion under article 38.072 to admit a later statement describing the offense with greater clarity and detail; they did not hold that a statement of the sort K.R. made to her mother was inadmissible under the statute. Savedra's first issue is overruled.

By his second and third issues, Savedra argues that the evidence was factually and legally insufficient to show that he knowingly or intentionally had sexual contact with the eight-year-old victim. Specifically, he argues that the State's burden was to prove beyond a reasonable doubt that Savedra was aware that the person with whom he had sexual contact was the eight-year-old victim. Savedra contends that because K.R. testified that Savedra repeated her mother's name throughout the incident and because the State argued that Savedra was intoxicated at the time of the offense and perhaps was confused as to whom he was touching, there was no evidence or insufficient evidence for the jury to conclude that he knew he was touching K.R.

To determine the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict and ask if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318-19 (1979); *Griffin v. State,* 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). Review of a factual sufficiency complaint requires us to consider all of the evidence without regard to whether the evidence is favorable to either the State or the appellant. *See Clewis v. State,* 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). We are to weigh the evidence equally, maintaining

5

appropriate deference to the jury's verdict. We may find the evidence factually insufficient only when the record clearly indicates that the verdict is wrong and manifestly unjust. *Id.*

A person commits the offense of indecency with a child if that person (1) knowingly or intentionally, (2) engages in sexual contact, (3) with a child, (4) younger than seventeen years of age, (5) who is not the spouse of the accused. *Hill v. State,* 852 S.W.2d 769, 771 (Tex. App.—Fort Worth 1993, pet. ref'd); Tex. Penal Code Ann. § 21.11(a)(1), (a)(2). The Penal Code defines "sexual contact" as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." Tex. Penal Code Ann. § 21.01(2) (West 1994). The culpable mental state for this offense is specific intent to arouse or gratify sexual desire. *Washington v. State,* 930 S.W.2d 695, 698 (Tex. App.—El Paso 1996, no pet.). This culpable mental state applies to the nature of the conduct, not to the identity of the victim as alleged by Savedra. *Id.* at 699. Thus, the State's burden at trial was to prove that Savedra acted knowingly and intentionally with regard to the conduct alleged, namely, engaging in sexual contact. The State met this burden.

Moreover, Savedra's argument contravenes the holding in *Johnson v. State,* 967 S.W.2d 848 (Tex. Crim. App. 1998), that the State is not required to prove that the accused knew the victim was under the age of seventeen. 967 S.W.2d at 849. Savedra's argument is essentially a mistake-of-fact defense. That is, by arguing that the evidence presented "shows that if this incident occurred, appellant thought he was having sexual contact with his girlfriend, . . . the victim's mother," he is arguing that he thought the victim was over the age of seventeen. The Court of Criminal Appeals has squarely held that mistake of fact regarding knowledge of the victim's age is not a defense to this crime, and the State need not prove knowledge of the victim's age. *Id.*

6

Finally, although the State presented evidence that Savedra uttered "Ah, Debbie" and that he may have been intoxicated, this did not preclude the jury from determining that Savedra knew the difference between the body of an eight-year-old girl and the body of her mother. Savedra himself testified that he was not intoxicated on the night of the offense. Furthermore, he acknowledged that K.R. frequently slept on the love seat in the living room. There was no evidence presented that anyone other than K.R. ever slept on the love seat. Based on the evidence presented, the jury was free to conclude that Savedra was aware that he was engaging in sexual contact with the child. We overrule Savedra's second and third issues.

## CONCLUSION

Having overruled all of Savedra's issues on appeal, we affirm the trial court's judgment.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: November 16, 2000

Do Not Publish

7