NUMBER 13-02-631-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
SANTOS H. HERNANDEZ, JR.,                                                   Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 24th District Court
of De Witt County, Texas.




 MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Chief Justice Valdez
           After a jury trial, appellant, Santos H. Hernandez, was convicted of driving while
intoxicated as a third offense, a third-degree felony.


 Appellant was sentenced to twenty-five years of incarceration in the Texas Department of Criminal Justice, Institutional
Division after an enhancement for prior felony convictions.


 Appellant contends on appeal
that the trial court incorrectly informed the jury panel of the range of punishment for the
offense, resulting in confusion among the panel members. We affirm. 
I. FACTUAL AND PROCEDURAL HISTORY
          On October 28, 2002, after the exempted venire members were excused but before
voir dire had begun, the trial court incorrectly informed the panel that the offense charged
was a first-degree felony punishable by confinement of not less than twenty-five years nor
more than ninety-nine years or life and a fine of up to $20,000. The prosecutor corrected
the court, stating that the correct range of punishment for the offense charged was
confinement of two to ten years and up to a $10,000 fine.


 The trial court then corrected
itself and informed the panel of the proper range. 
          The defense objected to the court’s reference to the incorrect range of punishment
and requested an admonishment to the panel and then moved for a mistrial. The trial court
denied the motion for a mistrial but agreed to once again clarify the proper range to the
panel. The court told the panel that appellant was charged with a third-degree felony, for
which the punishment range was two to ten years confinement and up to a $10,000 fine. 
The court also said if anyone did not understand the proper range of punishment or could
not forget what the court said initially, to indicate so by a show of hands. No one raised a
hand. 
          After the jury convicted appellant of driving while intoxicated, appellant pleaded
“true” to the State’s habitual criminal allegations. Based on the enhancements for prior
convictions, the court advised the jury that the proper sentencing range was twenty-five
years to ninety-nine years or life.


 The jury sentenced appellant to twenty-five years
imprisonment. 
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite additional facts here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
II. ANALYSIS
A. Preservation of Error
          In order to preserve a complaint for appellate review, appellant must make a timely
objection stating the specific ground, and pursue a ruling on the objection. Tex. R. App. P.
33.1 (a)(1)(A); Tucker v. State, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999). Generally,
the proper method for pursuing an objection to an adverse ruling is to “(1) make an
objection, (2) request an instruction to disregard, and (3) move for mistrial.” Gallegos v.
State, 918 S.W.2d 50, 57 (Tex. App.–Corpus Christi 1996, pet. ref’d) (citing Fuentes v.
State, 664 S.W.2d 333, 337 (Tex. Crim. App. 1984)). 
          According to the record, after the court incorrectly informed the panel of the range
of punishment for a third-degree felony, appellant’s counsel objected to the trial court’s
remarks claiming that the remarks were “inappropriate and prejudicial” to appellant. 
Appellant’s counsel subsequently requested that the jury panel be admonished as to the
proper range of punishment. Appellant also moved for a mistrial. The court agreed to
admonish the jury panel one more time on the proper range of punishment for a third-degree felony and denied the motion for mistrial. Accordingly, appellant sufficiently
preserved error for our review. We now turn to the merits of the appeal. 
B. Incorrect Statements to Venire 
          Appellant’s sole contention is that the trial court confused the panel members when
it incorrectly informed them of the range of punishment for a third-degree felony,
consequently leading to a prejudiced jury panel. Appellant argues, based on the panel 
members’ confusion over the proper range of punishment, that it was impossible to
determine whether any of them could or could not consider the full range of punishment. 
          The record shows that the trial court incorrectly classified the charged offense as
a first-degree felony and initially incorrectly informed the jury about the range of
punishment. However, not all errors result in reversal. See Tex. R. App. P. 44.2. 
          Rule 44.2 and relevant case law describe several types of error that can occur in
criminal cases: (1) constitutional error that is not subject to harmless error analysis (that
is, structural error); (2) constitutional error that is harmful; (3) constitutional error that is
harmless; (4) non-constitutional error that is harmful (that is, affects a substantial right);
and (5) non-constitutional error that is harmless (that is, does not affect a substantial right). 
Carranza v. State, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998) (discussing Tex. R. App.
P.44.2). If the error is determined to be constitutional and subject to harmless error review,
“the court of appeals must reverse a judgment of conviction or punishment unless the court
determines beyond a reasonable doubt that the error did not contribute to the conviction
or punishment . . . Any other error, defect, irregularity, or variance that does not affect
substantial rights must be disregarded.” Tex. R. App. P. 44.2(a), (b); Jones v. State, 982
S.W.2d 386, 391 n.8 (Tex. Crim. App. 1998). 
          Our first task is to determine whether a mistake in informing a jury panel on the
correct range of punishment is a constitutional error. See Carranza, 908 S.W.2d at 656. 
Appellant has cited no case, nor have we found any, where a court has found that an error
in informing the jury panel on the range of punishment, such as that which occurred here,
is of constitutional magnitude. We find the trial court’s error was not a constitutional error. 
          Because the error was not constitutional, it is subject to harmless error review under
rule 44.2(b). See Tex. R. App. P. 44.2(b). When an error is not constitutional, it will be
reversible only if it affected a substantial right, that is, if the error had a substantial or
injurious effect on the jury’s verdict. Id.; Nonn v. State, 117 S.W.3d 874, 880 (Tex. Crim.
App. 2003); Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). When we
review the error, we look to the following factors for guidance: (1) the source of the error,
(2) the extent to which the error was emphasized by the State, (3) the nature of the error,
(4) the probable collateral implications of the error, (5) the weight which a juror is likely to
attach to the error, and (6) the extent to which declaring the error harmless will encourage
repetition of the error. Cameron v. State, 988 S.W.2d 835, 847-48 (Tex. App.–San Antonio
1999, pet. ref’d); cf. Lagrone v. State, 942 S.W.2d 602, 620 (Tex. Crim. App. 1997)
(applying these factors to harmless error analysis under former rule of appellate procedure
81(b)(2)). 
          In the case at hand, the trial court corrected itself and clarified for the panel that the
initial description of the range of punishment for a third-degree felony was incorrect. In
addition to this initial correction, the jury panel was advised as to the correct punishment
range by the trial court after appellant’s request for admonishment, then once again by the
State at the beginning of voir dire. After these admonishments to the jury panel, the trial
court and State asked the venire members whether they understood that the correct range
of punishment for a third-degree felony was two to ten years and a $10,000 fine. No one
indicated a lack of understanding of the correct range of punishment. We find the panel
attached little if any weight to the court’s error.
          Furthermore, the collateral implications of the error were minute at most. Appellant
does not challenge, nor do we question, the court’s instruction to the sworn jury during the
punishment phase of the trial. Appellant pleaded true to the habitual offender paragraphs
included in the State’s indictment. The jury charge contained the proper range of
punishment for a habitual felon, which is twenty-five years to ninety-nine years or life
imprisonment.


 The jury sentenced appellant to the minimum allowable–twenty-five years
imprisonment. Cf. Lehman v. State, 792 S.W.2d 82, 88 (Tex. Crim. App. 1990) (finding
error in jury charge harmless where jury assessed punishment at minimum authorized
under law).
          The trial court’s erroneous comment to the jury panel was not constitutional error. 
Given the prompt correction, instruction to the jury, and ultimate sentence, we also
conclude the error did not affect appellant’s substantial rights. Accordingly, the error was
harmless. 
III. CONCLUSION 
          We conclude that although appellant preserved error for appellate review, the trial
court’s initial error in describing the incorrect range of punishment during jury selection was
harmless. Therefore, we affirm the judgment of the trial court. 
 
                                                                           Rogelio Valdez,
                                                                           Chief Justice

Do not publish.
TEX . R. APP. P. 47.2 (b).
Memorandum opinion delivered 
and filed this 29th day of July, 2004.