NUMBER 13-05-108-CR 

 
  NUMBER 13-05-109-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

RUBEN MENDEZ,                                                                            Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 262nd District
Court of Harris County, Texas.

 

MEMORANDUM OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Garza

 








Appellant, Ruben Mendez, was indicted on two charges
of aggravated sexual assault of an eight-year-old child.  See Tex.
Pen. Code Ann. '' 22.011(c)(1), 22.021(a)(1)(B)(iii) (Vernon Supp.
2005).[1]  Appellant pleaded not guilty to both
charges.  The jury found appellant guilty
and assessed punishment at confinement for life on each charge.  In one issue, appellant argues that the trial
court erred in denying his motion for instructed verdict.  We affirm.

By his sole issue, appellant contends the trial
court erred in denying his motion for instructed verdict.  In support of his contention, appellant
argues that (1) the complainant=s testimony was not credible, and (2) without
physical evidence, the State could not meet the reasonable doubt standard.  

The standard of review for denial of a motion for
instructed verdict is the same as that for challenges to the legal sufficiency
of the evidence.  Madden v. State,
799 S.W.2d 683, 686 (Tex. Crim. App. 1990); see also Williams v. State,
937 S.W.2d 479, 482 (Tex. Crim. App. 1996). 
In a legal sufficiency review, this Court must examine the evidence
presented in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the offense
present beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Young v. State, 14 S.W.3d
748, 753 (Tex. Crim. App. 2000).  In
making this determination, the reviewing court considers all the evidence
admitted that will sustain the conviction, including improperly admitted
evidence.  Conner v. State, 67
S.W.3d 192, 197 (Tex. Crim. App. 2001). Questions concerning the credibility of
witnesses and the weight to be given their testimony are to be resolved by the
trier of fact.  Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998). Evidence is not rendered
insufficient when conflicting evidence is introduced.  Matchett v. State, 941 S.W.2d 922, 936
(Tex. Crim. App. 1996).  The reviewing
court must assume that the fact finder resolved conflicts, including conflicting
inferences, in favor of the verdict, and must defer to that resolution.  Id.








On appeal, we measure the legal sufficiency of the
evidence by the elements of the offense as defined by a hypothetically correct
jury charge.  Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997). 
Such a charge accurately sets out the law, is authorized by the
indictment, does not unnecessarily increase the State's burden of proof or
unnecessarily restrict the State's theories of liability, and adequately describes
the particular offense for which the defendant is being tried.  Id.

To prove aggravated sexual assault of a child as to
both charges, the State was required to prove that (1) on or about November 26,
2003, appellant did then and there intentionally or knowingly cause the sexual
organ of the victim to contact or penetrate the sexual organ and mouth[2]
of appellant; and (2) the victim was a child younger than seventeen years of
age and was not the spouse of appellant; and (3) the victim was then and there
younger than fourteen years of age.  See
Tex. Pen. Code. Ann. '' 22.011(c)(1), 22.021(a)(1)(B)(iii).  








In support of these allegations, the State called
the victim to testify.  The victim was
nine years old at the time of trial.  She
testified that, while her mother was at work, appellant would remove her shorts
and panties down to her knees.  Appellant
would then remove his own pants, pull his underwear down to his knees and would
then get on top of her.  She testified
that appellant=s Astick@ would touch her Acookie,@ but it would not penetrate her.  She further testified that appellant touched
her Amiddle part@ with his index finger and mouth and that appellant=s tongue would penetrate her sexual organ.  The victim also testified that appellant Ajacked off@ in front of her and showed her the Awhite stuff@ that would come out of his Astick.@  Appellant
even explained to her that the white stuff was called Asperm.@  The victim
testified that appellant warned her that if she told, he would report that her
mom uses drugs.

Appellant contends there is insufficient evidence
because the victim=s testimony is not credible.  He alleges it is possible that the victim
fabricated the entire incident.  As
motive for lying, appellant points us to a specific incident where the victim
was punished by her mother after appellant informed the victim=s mother that the victim had kissed a boy.  In further support of his lack-of- evidence
argument, appellant points to the lack of physical evidence of sexual assault
and the lack of Aoutside@ witnesses.  

First and foremost, the testimony of a sexual
assault victim alone is sufficient to support a conviction, even if the victim
is a child.  See Tex. Code. Crim. Proc. Ann. art. 38.07
(Vernon 2005); see also Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim.
App. 1978); Karnes v. State, 873 S.W.2d 92, 96 (Tex. App.BDallas 1994, no pet.).  The unsophisticated language of a child is
sufficient to support a conviction as long as the child victim has sufficiently
communicated to the trier of fact that the offensive sexual touching occurred
to a part of the body within the definition of section 21.01 of the penal
code.  Clark v. State, 558 S.W.2d
887, 889 (Tex. Crim. App. 1977); see Gallegos v. State, 918 S.W.2d 50,
54 (Tex. App.BCorpus Christi 1996, pet. ref'd).  The testimony of a child victim of sexual
abuse is given wide latitude by the courts and the description of the sexual
abuse need not be precise.  Villalon
v. State, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).  Given this latitude, no requirement exists
that physical, medical, or other evidence be proffered to corroborate the
victim's testimony.  See Garcia,
563 S.W.2d at 928.








Viewing the evidence in the light most favorable to
the verdict, and assuming the fact finder resolves conflicts in favor of the
verdict, we conclude that any rational trier of fact could have found beyond a
reasonable doubt all of the essential elements of the offense of aggravated
sexual assault of a child.  Appellant=s sole issue is overruled.  

The judgment of the trial court is affirmed.                         

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 13th day of April, 2006.











[1] The charges were consolidated and
tried to a jury.  





[2] The second charge involved
appellant causing E.G.=s sexual organ to contact appellant=s mouth.