Affirmed and Opinion filed February
18, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-01157-CR



Albert Vincent
Thomas, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 263rd District Court

Harris County, Texas

Trial Court
Cause No. 1145134



 

OPINION 

Appellant Albert Vincent Thomas challenges his
conviction for aggravated sexual assault of a child, asserting that a State’s witness
was an improper outcry witness.  We affirm.

Factual and Procedural Background

The State charged appellant by indictment with the
offense of aggravated sexual assault of a child, appellant’s young stepdaughter,
by causing the sexual organ of the child to contact appellant’s sexual organ. 
Appellant pleaded “not guilty” to the charged offense.  Before trial, appellant
filed a pre-trial motion for a determination of the State’s outcry witnesses. 
At the hearing on the matter, the complainant, eleven-year-old Mary[1] testified
that when she was eight years old, she first told her mother that appellant touched
her in her “private areas.”  According to Mary, she did not tell her mother
everything about appellant’s conduct, but rather told her mother “just a little
bit.”  Mary explained that she did not tell her mother in what manner appellant
touched her.  Mary indicated that her mother confronted appellant, who denied the
accusation.  Mary testified that her mother passed away when Mary was ten years
old. 

Mary testified that when she was eleven years old,
she told her stepmother, Markesha Federick, about appellant’s conduct.  She
testified that she gave the “whole story” to Federick.  Mary explained that she
told Federick that she was sleeping and appellant entered her room, removed her
disposable diaper—a “pull-up,” and put his “private parts” into her “private
parts.”  Mary testified that she told Federick that appellant moved “in and
out” and that “white stuff started coming out of his private parts” and that it
hurt her.

On cross-examination, Mary indicated that she told
her mother that the incident occurred in her bedroom.  She recalled telling her
mother that appellant pulled her pull-up diaper down and touched her “private
areas” with his hands.  She denied telling her mother about appellant’s
movement “in and out,” the “white stuff,” or that appellant touched her with
his “private parts.”

At the end of the hearing, appellant objected to the
designation of Federick as an outcry witness, asserting that Mary first made
outcry to her mother, now deceased.  The trial court ruled that Federick was
the proper outcry witness.  After the trial that followed, the jury found
appellant guilty as charged, and the trial court sentenced appellant to thirty
years’ confinement.

 

Issue and Analysis

In a single issue appellant claims reversible error
in the trial court’s designation of Federick as an outcry witness.  According
to appellant, Mary’s mother, who had since died, was the proper outcry witness
because the mother was the first to hear Mary report appellant’s sexual
conduct.  We review a trial court’s designation of an outcry witness under an abuse-of-discretion
standard.  See Garcia v. State, 792 S.W.2d 88, 92 (Tex. Crim.
App. 1990).  A trial court’s designation of an outcry witness will be upheld
when supported by the evidence.  Id. 

Under article 38.072 of the Texas Code of Criminal
Procedure, some hearsay statements are admissible in prosecuting certain
offenses, including aggravated sexual assault of a child, as in this case.  Tex. Code Crim. Proc. Ann. art. 38.072,
§ 1 (Vernon 2005).  This statute applies to “statements that describe the
alleged offense” and that (1) were made by the child against whom the offense
allegedly was committed and (2) were made to the first person, eighteen years
of age or older, other than the defendant, to whom the child made a statement
about the offense.  Id. § 2(a).  The Court of Criminal Appeals has
construed the statute to apply to the first adult to whom the complainant makes
a statement that in “some discernible manner describes the alleged offense.”  See
Garcia, 792 S.W.2d at 91.  For the statute to apply, the statement must be
more than words that give a “general allusion” that something in the area of
child abuse has occurred.  Id.  

Although appellant
contends that Federick was not a proper outcry witness because Mary’s mother was
the first adult to whom Mary outcried about appellant’s sexual misconduct, the
record reflects that in her statements to her mother Mary did not “describe the
alleged offense.”  See Tex. Code
Crim. Proc. Ann. art. 38.072, § 2(a)(1) (applying hearsay exception to
“statements that describe the alleged offense”).  Article 38.072 applies only
to statements that describe the alleged offense.  Id.; see Gallegos
v. State, 918 S.W.2d 50, 56 (Tex. App.—Corpus Christi 1996, pet. ref’d)
(providing that outcry testimony of appellant kissing child did not exceed the
scope of the statute requiring statements to describe the alleged offense
because in the indictment charging appellant the State alleged both sexual
assault and indecency with a child by contact).  Mary’s statements to her
mother involved appellant’s sexual conduct with Mary in using his hands;
however, appellant was charged with causing Mary’s sexual organ to contact his
sexual organ.  See Tex. Code
Crim. Proc. Ann. art. 38.072, § 2(a)(1).  Thus, it is not clear
that the event to which Mary alluded when speaking with her mother was the same
event that was the subject of Mary’s outcry to Federick.

Furthermore, according to Mary’s testimony at the
outcry hearing, in statements to her mother Mary did not describe the occurrence
with any specificity.  See Reyes v. State, 274 S.W.3d 724, 728 (Tex.
App.—San Antonio 2008, pet. ref’d).  She denied telling her mother about
appellant’s “private parts,” “white stuff,” appellant’s movement “in and out,”
or how it hurt her; Mary testified that she only told her mother about
appellant using his hands to touch her.  The record does not reflect that Mary told
her mother of any specific details of the offense for which appellant was
charged.  See Bargas v. State, 252 S.W.3d 876, 894 (Tex. App.—Houston
[14th Dist.] 2008, no pet.); Sims v. State, 12 S.W.3d 499, 500 (Tex.
App.—Dallas 1999, pet. ref’d) (involving child who told mother of sexual
misconduct, although record does not reflect whether the child shared any
specific details of the alleged offense with mother).  The trial court reasonably
could have determined that Mary’s statement to her mother was nothing more than
a general allusion that something in the area of sexual abuse had occurred and
not a clear description of the alleged offense.  See Tex. Code Crim. Proc. Ann. art. 38.072,
§ 2(a); Bargas, 252 S.W.3d at 894.  Such statements, as general
allusions, in which the complainant does not describe the alleged offense in some
discernible manner, are not within the purview of article 38.072.  See Tex. Code Crim. Proc. Ann. art. 38.072,
§ 2(a); Garcia, 792 S.W.2d at 91.

As reflected by the record, Mary’s statements to
Federick include a detailed description of the alleged offense with Mary describing
how appellant put his “private parts” into her “private parts,” how appellant
moved “in and out,” and that “white stuff started coming out of his private
parts.”  According to the record, Federick was the first person over eighteen
years of age to whom Mary, in some discernible manner, described the offense
charged in the indictment.  See Tex.
Code Crim. Proc. Ann. art. 38.072, § 2(a); Garcia, 792 S.W.2d at
91.  Mary’s account to Federick of appellant’s sexual conduct was more than a
general allusion that sexual abuse had occurred; her statements contained
sufficient information about the nature of the acts and the perpetrator to meet
the requirements of article 38.072.  See Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a); Garcia,
792 S.W.2d at 91.  We conclude the trial court did not abuse its discretion in designating
Federick as the proper outcry witness.  See Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a); Garcia,
792 S.W.2d at 91.  Therefore, we overrule appellant’s sole issue and affirm the
trial court’s judgment.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Frost,
and Brown.

Publish — Tex. R. App. P. 47.2(b).

 

 









[1]
To protect the privacy of the child complainant, we refer to the child by a
pseudonym.