

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00053-CR

_____

BRANDON KEITH ALEXANDER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th Judicial District Court
Cass County, Texas
Trial Court No. 2008-F-00128

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Brandon Keith Alexander appeals his conviction for aggravated sexual assault of a child younger than fourteen years of age for which he received a sentence of sixty years' imprisonment.[1] *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2010). On appeal, Alexander raises a single point of error, claiming that the trial court erred in admitting the outcry testimony of the victim's mother. He claims that she was not properly classified as the outcry witness because the victim's statement to her did not describe an offense in a discernible way. Because the trial court did not abuse its discretion in admitting the outcry testimony of the victim's mother, we affirm the judgment of the trial court.

## I.    FACTUAL BACKGROUND

On September 2, 2007, the victim, age five, was at home with his younger sibling and his mother, Amanda Jones, when Jones was called to work. Jones knew seventeen-year-old Alexander and his family, and asked Alexander, who was visiting a friend in the apartment complex where Jones lived, to watch her two boys while she made an emergency trip to work. Jones left for work at approximately 10:30 a.m. and returned home around 11:00 a.m. When Jones arrived home, Alexander returned to his friend's apartment. At that time, the victim approached Jones and said, "Mama, guess what?" When Jones asked what, the victim told her, "Brandon said that he was going to stick his ding-a-ling in my butt." Jones responded, "Well, did

---

[1]The indictment in this case alleged aggravated sexual assault of a child under the age of fourteen years by causing the sexual organ of the defendant to penetrate the anus of the victim. *See* TEX. PENAL CODE ANN. § 22.021 (a)(1)(B)(i), (2)(B) (Vernon Supp. 2010).

he?" The victim responded affirmatively. The victim told Jones the incident took place in the bedroom, but did not provide further details.

Jones immediately called her landlord, Dana Crowmeans, a reserve officer with the Atlanta Police Department. Crowmeans contacted Officer Tommy Hawley with the Atlanta Police Department. Upon receiving the call, Hawley met with Jones at her home. Jones was extremely upset, but cooperative.

Based on information provided by Jones, Hawley located Alexander in the apartment of his friend and, after advising Alexander of his rights, questioned him about the incident. Alexander admitted to having put his penis in the victim's anus. Hawley's recorded interview with Alexander, containing this confession, was played for the jury. Alexander also provided a written statement confessing to the sexual assault. The written statement was published to the jury.

Hawley accompanied Jones and the victim to St. Michael Hospital on September 3, 2007, where a sexual assault examination was conducted by Kathy Lach, the house supervisor and sexual assault nurse examiner for the hospital. The victim told Lach, "Brandon stuck his ding-a-ling in my butt. I was lying in my mom's bed. My mom was gone to her job and Brandon stuck his ding-a-ling into my butt." Lach further testified that the victim told Alexander to stop, but he did not; that Alexander put baby lotion on his "ding-a-ling" and put it in the victim's anus; and that it hurt and the victim cried. Alexander told the victim that he would buy him ice cream and five cars, and to stop crying and Alexander would stop. Lach testified that when she asked the victim

3

to identify on an anatomical diagram what he was speaking of when he said "ding-a-ling," the victim pointed to the male penis. Lach neither found any trauma on the victim's body associated with the sexual assault, nor did she find any DNA evidence.

The victim, age seven at the time of trial, was found competent to testify; his testimony largely mirrored that provided by Lach.

## II.    ANALYSIS

Significant to the trial of this case, the order in which the witnesses were called did not reflect the chronology of their involvement. That is, although Jones was the first person to whom the child related anything about the incident, Lach's testimony (which was substantially more detailed than Jones') preceded that of Jones. In his sole appellate point, Alexander claims error in the admission of Jones' testimony as that of the outcry witness, given that Lach was the proper outcry witness.

Hearsay is not admissible except as provided by statute or by the rules of evidence. TEX. R. EVID. 802; *Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990). In cases involving certain sex crimes against children, Article 38.072 of the Texas Code of Criminal Procedure provides an exception to the hearsay rule for testimony by "outcry witnesses" when specific requirements are met. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (Vernon Supp. 2010); *Brown v. State*, 189 S.W.3d 382, 385 (Tex. App.—Texarkana 2006, pet. ref'd). An outcry witness is the first person, eighteen years of age or older, other than the defendant, to whom the child victim

4

made a statement about the offense. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(2). The trial court has broad discretion to determine whether the child's statement falls within the hearsay exception. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *Villanueva v. State*, 209 S.W.3d 239, 247 (Tex. App.—Waco 2006, no pet.). The exercise of that discretion will not be disturbed on appeal unless the trial court's decision is outside the zone of reasonable disagreement. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

There was no hearsay objection raised to the testimony given by Lach; therefore, the question of whether Lach was testifying under the outcry witness exception to the hearsay rule did not arise at trial. Rather, the question concerning the identity of the proper outcry witness did not come to the fore until Jones testified. Alexander asserts the statements made by the child to Jones were not specific enough to qualify as outcry statements, especially in light of Lach's testimony, which provided more detail of the event. We have previously held that the proper outcry witness is not determined by comparing statements given by the child to different individuals and then deciding which person received the most detailed statement about the offense. *Brown*, 189 S.W.3d at 386; *Broderick v. State*, 35 S.W.3d 67, 73 (Tex. App.—Texarkana 2000, pet. ref'd). Instead, we determine the proper outcry witness to be the first person to whom the child described the offense in some discernible manner. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990) (outcry must be more than general allusion of sexual abuse). Alexander claims the statement to Jones does not describe the offense in a "discernible manner." In support of this

5

assertion, Alexander relies on *Castelan v. State*, 54 S.W.3d 469, 475–76 (Tex. App.—Corpus Christi 2001, no pet.), where the child victim did not relay specific details of abuse to his grandmother, but simply told her the defendant "put his thing in through the back." *Id.* The proper outcry witness, as determined by the trial court, was a school counselor to whom the victim described the events in greater detail. *Id.*

Alexander also relies on *Sims v. State*, 12 S.W.3d 499 (Tex. App.—Dallas 1999, pet. ref'd), in which the victim told her mother that the defendant "had touched her private parts." *Id.* at 500. This statement was no more than a general allusion that sexual abuse occurred. *Id.* Therefore, the Dallas court determined that a counselor, to whom the victim described the events in greater detail, was the proper outcry witness. *Id.*

The statement in this case is more than a mere allusion that sexual abuse occurred and is certainly more descriptive than the statement in *Castelan* that the defendant "put his thing in through the back," which really does not describe any type of sexually abusive incident. Here, the victim told Jones, "Brandon said he was going to stick his ding-a-ling in my butt." Jones replied, "Well, did he?" The victim responded, "yes."

Jones's response of "Well, did he?" implies that she knew precisely what the victim was talking about when he made the allegation. While Jones testified that the term "ding-a-ling" was not a term that she used and she did not know how the victim was familiar with that term, her actions immediately following the allegation indicate that she understood the victim was alleging a

6

specific incident of sexual abuse.[2]   Upon hearing the allegation, Jones immediately called Crowmeans.   Crowmeans called Hawley, who spoke with Jones and instructed her to take certain steps to preserve potential evidence.   Hawley arrived on the scene and initiated an investigation, resulting in Alexander's arrest.

Helpful to our determination is the case of *Gallegos v. State*, in which the Corpus Christi court held that when a child has sufficiently communicated that the touching occurred to a part of the body within the definition of the statute, the evidence will be sufficient to support a conviction regardless of the unsophisticated language the child uses.   *Gallegos v. State*, 918 S.W.2d 50, 54 (Tex. App.—Corpus Christi 1996, pet. ref'd).   The statute provides, and the jury was instructed, that a person commits aggravated sexual assault if the person intentionally or knowingly causes the penetration of the anus of a child by any means and the victim is younger than fourteen years of age.   TEX. PENAL CODE ANN. § 22.021.   Here, the victim clearly communicated to Jones that Alexander penetrated the anus of the victim.   The fact that the victim used the term "ding-a-ling" does not diminish the fact that the victim communicated an act defined as aggravated sexual assault under the statute.   The evidence here was sufficient to show that the victim described the offense in a discernible manner to Jones before he talked with Lach.   Accordingly, Jones was the proper outcry witness.   This point of error is overruled.

---

[2]Significantly, in his written confession, Alexander uses the term "ding-a-ling" when referring to his penis.

7

## III.    CONCLUSION

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     December 8, 2010
Date Decided:       December 9, 2010

Do Not Publish