In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00114-CR

                                                ______________________________

 

 

 

                                                     IN
RE:  BROCK JERNIGAN

 

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Brock Jernigan has petitioned this
Court for mandamus relief.  He complains
of the trial court’s order denying Jernigan an appeal bond.[1]  Since Jernigan has an adequate remedy by
appeal, we deny his request for mandamus relief.

            The
standard for mandamus relief articulated by the Texas Court of Criminal Appeals
requires the relator to establish that (1) there is no adequate remedy at law
to redress the alleged harm; and (2) only a ministerial act, not a discretionary
or judicial decision, is being sought.  State ex. rel. Young v. Sixth Judicial Dist.
Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).  Due to the nature of this remedy, it is Jernigan’s
burden to properly request and show entitlement to the mandamus relief.  Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding) (per curiam) (“Even a pro se applicant for a writ of mandamus must
show himself entitled to the extraordinary relief he seeks.”).

            The
Texas Code of Criminal Procedure expressly provides that a trial court’s order
regarding an appeal bond may be appealed. 
Tex. Code Crim. Proc. Ann.
art. 44.04(g) (West 2006).  Because
Jernigan has a right to appeal the trial court’s order, mandamus is not
available.  See Ordunez v. Bean, 579
S.W.2d 911, 913–14 (Tex. Crim. App. 1979) (because appeal is available to
challenge speedy-trial ruling, mandamus not available).  

            We
deny Jernigan’s request for mandamus relief.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          June 9, 2011    

Date
Decided:             June 10, 2011

 

Do Not
Publish

 











[1]From
the record before us, it appears Jernigan was placed on deferred adjudication
community supervision, subsequently adjudicated and sentenced to five years’
incarceration.  He requested a bond while
he appealed his conviction and sentence, but the trial court denied bond.  In the trial court’s order, that court stated
its ruling was based on the pendency of another offense alleging assault, and
the potential for Jernigan to commit another offense if released on bond.  Jernigan’s appeal of the underlying offense
and sentence is pending before this Court, Jernigan
v. State, cause number 06-10-00221-CR. 









:yes'>  Id. 

            The
statement in this case is more than a mere allusion that sexual abuse occurred
and is certainly more descriptive than the statement in Castelan that the defendant “put his thing in through the back,”
which really does not describe any type of sexually abusive incident.  Here, the victim told Jones, “Brandon said he
was going to stick his ding-a-ling in my butt.” 
Jones replied, “Well, did he?”  The
victim responded, “yes.”  

            Jones’s
response of “Well, did he?” implies that she knew precisely what the victim was
talking about when he made the allegation. 
While Jones testified that the term “ding-a-ling” was not a term that
she used and she did not know how the victim was familiar with that term, her
actions immediately following the allegation indicate that she understood the
victim was alleging a specific incident of sexual abuse.[2]  Upon hearing the allegation, Jones
immediately called Crowmeans.  Crowmeans
called Hawley, who spoke with Jones and instructed her to take certain steps to
preserve potential evidence.  Hawley
arrived on the scene and initiated an investigation, resulting in Alexander’s
arrest.

            Helpful
to our determination is the case of Gallegos
v. State, in which the Corpus Christi court held that when a child has
sufficiently communicated that the touching occurred to a part of the body
within the definition of the statute, the evidence will be sufficient to
support a conviction regardless of the unsophisticated language the child
uses.  Gallegos v. State, 918 S.W.2d 50, 54 (Tex. App.––Corpus Christi
1996, pet. ref’d).  The statute provides,
and the jury was instructed, that a person commits aggravated sexual assault if
the person intentionally or knowingly causes the penetration of the anus of a
child by any means and the victim is younger than fourteen years of age.  Tex.
Penal Code Ann. § 22.021.  Here,
the victim clearly communicated to Jones that Alexander penetrated the anus of
the victim.  The fact that the victim
used the term “ding-a-ling” does not diminish the fact that the victim
communicated an act defined as aggravated sexual assault under the
statute.  The evidence here was sufficient
to show that the victim described the offense in a discernible manner to Jones
before he talked with Lach.  Accordingly,
Jones was the proper outcry witness. 
This point of error is overruled.

III.       CONCLUSION

            We
affirm the judgment of the trial court.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          December 8, 2010

Date Decided:             December 9, 2010

 

Do Not Publish

 











[1]The
indictment in this case alleged aggravated sexual assault of a child under the
age of fourteen years by causing the sexual organ of the defendant to penetrate
the anus of the victim.  See Tex.
Penal Code Ann. § 22.021 (a)(1)(B)(i), (2)(B) (Vernon Supp. 2010).





[2]Significantly,
in his written confession, Alexander uses the term “ding-a-ling” when referring
to his penis.