NO. 07-06-0090-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 9, 2007
_____

RAYMON MONTELONGO, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408589; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Raymon Montelongo, Jr., plead guilty to the charge of murder and elected to have the jury assess punishment. He appeals from the jury-imposed sentence of life imprisonment. Via one point of error, appellant challenges the trial court's admission of four photographs, as a part of the State's punishment evidence. We affirm.

This appeal arises from the murder of Erica Perez. Appellant and Perez had a long-term relationship and had a child together. Their relationship sometimes was discordant, particularly after the birth of their child. Appellant's on-and-off dependence on alcohol worsened and, shortly before the murder, Perez came to believe that appellant had been unfaithful. As a result, she ended their relationship.

Appellant entered a substance abuse counseling center, but soon left it. He was staying with his parents. On the day of the murder, after a morning of drinking, appellant went to his brother's home, where he acquired a pistol. He drove to Perez's place of employment and waited in the parking lot. Shortly, they were seen and heard arguing. She was heard to say, "Just leave, leave me alone." After further argument, appellant fatally shot Perez with the pistol, inflicting two wounds. He drove away and shortly thereafter confessed to the shooting in a telephone call to his mother. Appellant's mother called his brother, who accompanied appellant to speak with police. Appellant again confessed to killing Perez, telling police he was not in his right mind at the time of the shooting.

In his brief, appellant contends his defense at the punishment phase of trial focused on the "sudden passion" mitigation.[1] During voir dire, trial counsel spent time discussing "sudden passion" and its impact on the range of punishment. Punishment testimony indicated that both appellant and Perez were highly agitated in the days before the murder

---

[1] *See* Tex. Penal Code Ann. § 19.02(a)(2) (Vernon 2003).

and, as noted, engaged in a heated argument just before her death. Appellant chose not to testify at trial.

The State's punishment evidence included testimony from the medical examiner about the cause of death. He said Perez had a gunshot wound in the head, which was the fatal wound, and another gunshot wound in her chest. He testified that the "tattooing" of Perez's skin indicated the gun was twelve to eighteen inches away when the shot to her chest was fired.

During the punishment phase the State also introduced over two hundred photographs depicting, among other things, the scene of the shooting, blood splatters, Perez's body, and appellant's face, body and hands. Most of the photographs were admitted without objection. Appellant's point of error on appeal challenges the admission of four of the State's exhibits, exhibits 236, 237, 244 and 245.

The record reflects that the State offered its exhibits 235 through 245 together, all of them photographs of appellant or his clothing. At that point, appellant's counsel asked to approach, and a discussion ensued at the bench outside the jury's hearing. Counsel said he had "no objection" to exhibits 235, 238, 239, 240, 242, 243, 244 or 245. He told the court "we object to 236 on the basis of relevancy, on the basis that the prejudicial value of this picture is great and the probative value is none." He continued, "Similarly, Judge, we object to 237 on lack of relevance, and the probative value of this evidence - - I don't know what it is, but it is outweighed by the prejudicial value." Counsel then voiced an objection to exhibit 241, which the State withdrew. Responding, the prosecutor said, "In

3

regards to 236 and 237, I mean, those are definitely shown to show that there is a lack of injury on him. I know there has been testimony that there was an argument. There's not any injuries underneath him. I know that [defense counsel] is going to want sudden passion in there. And so, I mean, I think they're definitely admissible for those, to show that there is a lack of injuries on him and underneath him." The court overruled the objections to exhibits 236 and 237 and said he would allow their admission. At that point, the reporter's record indicates proceedings before the jury resumed. The court announced its admission of all eleven of the tendered exhibits except the withdrawn exhibit 241. Counsel then stated, "Judge, we'd ask for a limited instruction on 236 and 237, if it's going to be offered for the - - limited for the purpose that [the prosecutor] says he's offering it for." The court responded, "It will be limited to show - - for the purpose of no injuries to the defendant."

Exhibit 236 is a photograph of appellant with his shirt pulled up to show his chest. Exhibit 237 is a similar photo showing appellant's back.[2] Exhibits 244 and 245 are photos of appellant's hands.

---

[2] It is clear from the prosecutor's later questioning of the officer who took the photos that by "underneath him" the prosecutor meant "underneath his shirt." The officer testified he had appellant lift up his shirt to show he had no injuries. Other photographs showed droplets of blood on appellant's pant leg and on the front of his shirt, and showed dried blood on one of his hands. The officer testified he observed no injuries on appellant that could account for the blood. Later evidence indicated the blood on appellant was Perez's.

4

On appeal, appellant focuses on the prosecutor's argument at the bench conference that the two challenged photos were admissible to counter appellant's expected claim that he caused Perez's death under the influence of sudden passion. Although appellant's point of error asserts the photos were not relevant, his argument is to the effect that they should not have been admitted to show the absence of injuries to appellant because doing so would confuse the issue of sudden passion with that of self-defense.[3] Ultimately, he contends, the trial court's action caused him to abandon his claim of sudden passion.

We initially note our agreement with the State that the theory appellant asserts in his argument on appeal was not presented to the trial court, so his argument runs afoul of the error preservation rules.[4] Case law establishes that an objection stating one legal theory may not be used to support a different legal theory on appeal. *See Wilson v. State,* 71 S.W.3d 346, 349 (Tex.Crim.App. 2002) (if objection in trial court differs from complaint on appeal, defendant has failed to preserve error for review); *Broxton v. State,* 909 S.W.2d 912, 918 (Tex.Crim.App. 1995) (to preserve error for appellate review*,* complaint on appeal must comport with objection at trial; objection stating one legal theory may not be used to support a different legal theory on appeal); *Rezac v. State*, 782 S.W.2d 869, 870

---

[3] We note the pages of the record referred to in appellant's brief contain no express reference to self-defense.

[4] No contention of error in the admission of exhibits 244 and 245 was preserved, because appellant told the court he had no objection to their admission. Tex. R. App. P. 33.1. At oral argument in this case, the parties seemed to indicate the record reflects an objection to exhibits 244 and 245. Our review of the record shows that trial counsel was advancing an objection to exhibit 241, stating that exhibit 241 was cumulative of exhibits 244 and 245. As noted, exhibit 241 was withdrawn by the State and is not at issue on appeal.

(Tex.Crim.App. 1990) (same holding). Appellant's bare relevancy and "more prejudicial than probative"[5] objections did not tell the trial court that, by admitting the photographs, it was going to confuse the jury by impermissibly raising the issue of self-defense. That contention is not preserved for our review.

Even were appellant's contention preserved for review, we could not sustain it. Reversal of the trial court's judgment would require us to find that admission of the photographs was error, a finding we do not make, and that the erroneous admission affected appellant's substantial rights. Tex. R. App. P. 44.2(b); *Carranza v. State,* 980 S.W.2d 653 (Tex.Crim.App. 1998); *Alford v. State,* 22 S.W.3d 669, 673 (Tex.App.–Fort Worth 2000, pet. ref'd). As noted, appellant contends he was harmed because admission of the two photographs led to his abandonment of his claim the murder resulted from sudden passion. But he is unable to point to anything in the record supporting the existence of the claimed connection between the admission of the photographs, with the limiting instruction, and his abandonment of a sudden passion mitigation claim.[6] The record reflects appellant's conscious decision not to testify during the punishment stage of trial, and reflects his understanding that he would be unable to claim sudden passion

---

[5] Tex. R. Evid. 403.

[6] At oral argument in this case, appellant's contention was clarified to explain that the trial court's instruction that accompanied the admission of the two photographs, by which the court limited the jury's consideration of them to showing "no injuries to the defendant," caused harm to appellant by confusing the jury. We note, however, that appellant requested the instruction and therefore invited any error. *See Prystash v. State,* 3 S.W.3d 522, 531-32 (Tex.Crim.App. 1999); *Willeford v. State,* 72 S.W.3d 820, 823-24 (Tex.App.–Fort Worth 2002, pet. ref'd).

without testifying, but we see nothing in the record to indicate that admission of the two photographs into evidence had anything to do with his decision not to take the stand.

Finding that appellant's contention on appeal is not preserved for review, and that it lacks merit, we overrule it.  Accordingly, the trial court's judgment is affirmed.


James T. Campbell
Justice


Do not publish.