NO. 07-07-0190-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 13, 2008

______________________________


RICHARD WARREN PAIGE JR., 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee

_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 53,570-D; HON. DAVID GLEASON, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          After a jury trial, appellant Richard Warren Paige, Jr. was convicted of the offense
of murder. Punishment was assessed by the jury at forty years in the Texas Department
of Criminal Justice - Institutional Division. Appellant timely filed his notice of appeal. 
          Appellant’s appointed counsel has filed a motion to withdraw, together with an
Anders


 brief, wherein he certifies that, after diligently searching the record, he has
concluded that appellant’s appeal is without merit. Along with his brief, he has filed a copy
of a letter sent to appellant informing him of counsel’s belief that there was no reversible
error and of appellant’s right to appeal pro se. This court gave appellant until July 28,
2008, to file his own brief or response if he wished to do so. Appellant’s pro se response
was filed on that date. 
          In compliance with the principles enunciated in Anders, appellate counsel discussed
one potential area for appeal that being ineffective assistance of counsel. However,
counsel has explained why the argument lacked merit. Thereafter, we conducted our own
review of the record and appellant’s pro se response to assess the accuracy of appellate
counsel’s conclusions and to uncover any error, reversible or otherwise, pursuant to
Stafford v. State, 813 S.W.2d 503 ( Tex. Crim. App. 1991). Our own review has failed to
reveal any arguably reversible error.
          Accordingly, the motion to withdraw is granted, and the judgment is affirmed.






                                                                            Brian Quinn 
                                                                           Chief Justice 

  
Do not publish.



160;        In his brief, appellant contends his defense at the punishment phase of trial focused
on the “sudden passion” mitigation.


 During voir dire, trial counsel spent time discussing
“sudden passion” and its impact on the range of punishment. Punishment testimony
indicated that both appellant and Perez were highly agitated in the days before the murder
and, as noted, engaged in a heated argument just before her death. Appellant chose not
to testify at trial. 
          The State’s punishment evidence included testimony from the medical examiner
about the cause of death. He said Perez had a gunshot wound in the head, which was the
fatal wound, and another gunshot wound in her chest. He testified that the “tattooing” of
Perez’s skin indicated the gun was twelve to eighteen inches away when the shot to her
chest was fired. 
          During the punishment phase the State also introduced over two hundred
photographs depicting, among other things, the scene of the shooting, blood splatters,
Perez’s body, and appellant’s face, body and hands. Most of the photographs were
admitted without objection. Appellant’s point of error on appeal challenges the admission
of four of the State’s exhibits, exhibits 236, 237, 244 and 245. 
          The record reflects that the State offered its exhibits 235 through 245 together, all
of them photographs of appellant or his clothing. At that point, appellant’s counsel asked
to approach, and a discussion ensued at the bench outside the jury’s hearing. Counsel
said he had “no objection” to exhibits 235, 238, 239, 240, 242, 243, 244 or 245. He told
the court “we object to 236 on the basis of relevancy, on the basis that the prejudicial value
of this picture is great and the probative value is none.” He continued, “Similarly, Judge,
we object to 237 on lack of relevance, and the probative value of this evidence - - I don’t
know what it is, but it is outweighed by the prejudicial value.” Counsel then voiced an
objection to exhibit 241, which the State withdrew. Responding, the prosecutor said, “In
regards to 236 and 237, I mean, those are definitely shown to show that there is a lack of
injury on him. I know there has been testimony that there was an argument. There’s not
any injuries underneath him. I know that [defense counsel] is going to want sudden
passion in there. And so, I mean, I think they’re definitely admissible for those, to show
that there is a lack of injuries on him and underneath him.” The court overruled the
objections to exhibits 236 and 237 and said he would allow their admission. At that point,
the reporter’s record indicates proceedings before the jury resumed. The court announced
its admission of all eleven of the tendered exhibits except the withdrawn exhibit 241. 
Counsel then stated, “Judge, we’d ask for a limited instruction on 236 and 237, if it’s going
to be offered for the - - limited for the purpose that [the prosecutor] says he’s offering it for.“
The court responded, “It will be limited to show - - for the purpose of no injuries to the
defendant.” 
          Exhibit 236 is a photograph of appellant with his shirt pulled up to show his chest.
Exhibit 237 is a similar photo showing appellant’s back.


 Exhibits 244 and 245 are photos
of appellant’s hands. 
 
          On appeal, appellant focuses on the prosecutor’s argument at the bench conference 
that the two challenged photos were admissible to counter appellant’s expected claim that
he caused Perez’s death under the influence of sudden passion. Although appellant’s
point of error asserts the photos were not relevant, his argument is to the effect that they 
should not have been admitted to show the absence of injuries to appellant because doing
so would confuse the issue of sudden passion with that of self-defense.


 Ultimately, he
contends, the trial court’s action caused him to abandon his claim of sudden passion. 
          We initially note our agreement with the State that the theory appellant asserts in
his argument on appeal was not presented to the trial court, so his argument runs afoul of
the error preservation rules.


 Case law establishes that an objection stating one legal
theory may not be used to support a different legal theory on appeal. See Wilson v. State,
71 S.W.3d 346, 349 (Tex.Crim.App. 2002) (if objection in trial court differs from complaint
on appeal, defendant has failed to preserve error for review); Broxton v. State, 909 S.W.2d
912, 918 (Tex.Crim.App. 1995) (to preserve error for appellate review, complaint on appeal
must comport with objection at trial; objection stating one legal theory may not be used to
support a different legal theory on appeal); Rezac v. State, 782 S.W.2d 869, 870
(Tex.Crim.App. 1990) (same holding). Appellant’s bare relevancy and “more prejudicial
than probative”


 objections did not tell the trial court that, by admitting the photographs, it
was going to confuse the jury by impermissibly raising the issue of self-defense. That
contention is not preserved for our review. 
          Even were appellant’s contention preserved for review, we could not sustain it.
Reversal of the trial court’s judgment would require us to find that admission of the
photographs was error, a finding we do not make, and that the erroneous admission
affected appellant’s substantial rights. Tex. R. App. P. 44.2(b); Carranza v. State, 980
S.W.2d 653 (Tex.Crim.App. 1998); Alford v. State, 22 S.W.3d 669, 673 (Tex.App.–Fort
Worth 2000, pet. ref’d). As noted, appellant contends he was harmed because admission
of the two photographs led to his abandonment of his claim the murder resulted from
sudden passion. But he is unable to point to anything in the record supporting the
existence of the claimed connection between the admission of the photographs, with the
limiting instruction, and his abandonment of a sudden passion mitigation claim.


 The
record reflects appellant’s conscious decision not to testify during the punishment stage
of trial, and reflects his understanding that he would be unable to claim sudden passion
without testifying, but we see nothing in the record to indicate that admission of the two
photographs into evidence had anything to do with his decision not to take the stand. 
          Finding that appellant’s contention on appeal is not preserved for review, and that
it lacks merit, we overrule it. Accordingly, the trial court’s judgment is affirmed.
                                                                                      
                                                                           James T. Campbell

                                                                                     Justice







Do not publish.